**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HUGO SOLIS, on behalf of himself and other persons similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.:** |
| **v.** | ) ) | |
| **GSF USA, INC.,** | ) ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

GSF USA, Inc. ("GSF"), by its attorneys Jody Kahn Mason and Quinn P. Donnelly of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, GSF states as follows:

### Procedural History and Plaintiffs' Allegations

1.      On December 16, 2021, Plaintiff Hugo Solis ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against GSF in the Circuit Court of Cook County, Illinois, County Department, Chancery Division alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The lawsuit is captioned *Hugo Solis, on behalf of himself and other persons similarly situated v. GSF USA, Inc.*, and numbered 2021 CH 06284 (the "State Court Action"). A copy of Plaintiff's Complaint ("Compl.") is attached hereto as Exhibit A.

2.      Plaintiff is a former employee of GSF. (Ex. A, Compl., ¶¶ 3, 12). The Complaint alleges that GSF "collects and stores its employees' fingerprints and requires all the employees," including Plaintiff, "to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine." (*Id.* at ¶ 3, 14). Plaintiff further alleges that GSF "uses this data to compare the future scans of their employees' fingerprints into a punch-clock device." (*Id.* at ¶ 4). As such, Plaintiff alleges that GSF "caused the biometric data from employees' fingerprints to be recorded, collected, and stored." (*Id.* at ¶ 17).

3.      In doing so, Plaintiff alleges that GSF violated Sections 15(a), 15(b) and 15(e) of the BIPA by: (i) "failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information," (ii) "collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that: (a) The biometric data was being recorded, obtained, collected, or stored; and (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored;" and (iii) "failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." (Ex. A, Compl., ¶¶ 31-33).

4.      For himself and each member of the putative class, Plaintiff seeks: (1) "statutory damages of $5,000 for each willful and/or reckless violation of the Act;" (2) "statutory damages of $1,000 for each negligent violation of the Act;" (3) "injunctive and equitable relief as necessary

to protect the interests of the Plaintiff and the class;" (4) punitive damages;[1] (5) attorneys' fees and costs; and (6) pre-judgment and post-judgment interest. (Ex. A, Compl., prayer for relief).

5.      Plaintiff explicitly states that "[e]very instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act." (Ex. A, Compl., ¶ 30). In other words, Plaintiff is apparently seeking a recovery of statutory liquidated damages for each time a putative class member scanned his or her finger on GSF's alleged finger-scanning biometric timekeeping system. GSF denies that a recovery for every scan by a putative class member is available under any circumstances or that Plaintiff and the putative class are entitled to any relief whatsoever. However, GSF will accept Plaintiff's allegations and proposed theory of recovery as true for purposes of this removal petition only.

6.      Under 740 ILCS 14/20(1)-(2), Plaintiff "may recover for each violation (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or] (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater . . . ."

7.      Plaintiff seeks to represent a class defined as: "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (Ex. A, Compl. ¶ 26). Plaintiff does not state an applicable statute of limitations. However, the Illinois Appellate Court for the First Judicial District ("First District"), recently held that claims under the BIPA sections at issue (15(a), 15(b) and 15(e)) are subject to a five-year statute of limitations. *See Tims v. Blackhorse Carriers, Inc.*, 2021 IL App

---

[1] Punitive damages are not provided for in the BIPA.

(1st) 200563.[2] Given Plaintiff's failure to specify a limitations period, GSF will assume a five-year period applies only for purposes of this removal petition, noting that the Illinois Supreme Court is set to decide this issue with finality.

## **Timeliness of Removal**

8.     Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." As explained below, the grounds for removal here are apparent on the face of the Complaint.

9.     On February 1, 2022, GSF executed an Acknowledgment of Receipt of Summons and Complaint. (*See* Signed Acknowledgement of Receipt of Summons and Complaint, attached as Exhibit B). GSF has not filed an answer or any other pleading responsive to the Complaint, nor has GSF appeared or made any arguments before the State Court.

---

[2] On September 17, 2021, the First District held that claims under Sections 15(a), (b), and (e) of the BIPA are subject to a five-year statute of limitations, but that claims under Sections 15(c) and (d) are subject to a one-year statute of limitations. *See* 2021 IL App (1st) 200563. On October 22, 2021, the defendant-appellant in *Tims* filed a Petition for Leave to Appeal that decision to the Illinois Supreme Court. On January 26, 2022, the Illinois Supreme Court accepted the PLA in *Tims* and is set to decide the question of "whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation – Privacy") or 735 ILCS 5/13-205 apply to claim under the BIPA. Separately, in *Marion v. Ring Container Techs. LLC,* the Illinois Appellate Court for the Third Judicial District is set to decide whether a one-year, two-year, or five-year statute of limitations applies to claims under the BIPA. On February 14, 2022, the defendant-appellant in *Marion* filed a Motion for Direct Appeal Under Illinois Supreme Court Rule 302(b) and/or Supervisory Order Under Illinois Supreme Court Rule 383 with the Illinois Supreme Court requesting leave to directly appeal the issue of whether a two-year statute of limitations under 735 ILCS 5/13-202 applies to claims under BIPA.

10.     GSF files this Notice of Removal on March 2, 2022, within 30 days of Plaintiff serving a request for waiver of service of the Complaint on counsel for GSF.  (*See* Ex. B).  As such, this Notice of Removal is timely.

### Basis for Removal

11.     Removal is proper here under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). These prerequisites are satisfied here.

12.     First, this matter is a covered "class action." Pursuant to CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff purports to bring this lawsuit on behalf of a class of individuals and seek to represent them and their interests in this action as provided for under the Illinois Code of Civil Procedure provisions for class actions, 735 ILCS 5/2-801, *et seq*. (Ex. A, Compl., ¶¶ 26-28, Prayer for Relief).

13.     Second, this putative class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiff's Complaint on December 16, 2021 through the present, more than 100 current and former GSF employees have used the alleged biometric timekeeping system under conditions Plaintiff alleges violate the BIPA.[3] (Declaration of David Bouton, attached hereto as Exhibit C, ¶ 7).

---

[3] Defendant denies that it violated the BIPA, denies that a class could be properly certified and denies that Plaintiff or the putative class are entitled to any relief whatsoever.

14.     Third, the minimal diversity requirement is met. Upon information and belief, Plaintiff is a citizen of the State of Illinois. (Ex. C, ¶ 6).

15.     GSF is a corporation organized under the laws of the State of Delaware and its principal place of business is in the State of Indiana. (Ex. C, Declaration of David Bouton, ¶ 5).

16.     As such, at least one class member is a citizen of a different state than GSF, and this case meets the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A) (minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17.     Fourth, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff brings claims on behalf of himself and "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (Compl. at ¶ 26).

18.     On behalf of himself and the putative class, Plaintiff seeks to recover statutory liquidated damages of $5,000 for each reckless or willful violation of the BIPA and $1,000 for each negligent violation. (Ex. A, Compl., Prayer for Relief). Plaintiff specifically states what he contends constitutes a violation of the BIPA: "[e]very instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act." (Ex. A, Compl., ¶ 30). As such, it is apparent in Plaintiff's Complaint that he seeks at least a $5,000 recovery on behalf of each putative class member for each time he or she scanned his or her finger on the alleged finger-scanning biometric time clock systems at issue.

Under these circumstances, the amount in controversy would necessarily exceed $5,000,000 and exceed the threshold required to support removal under CAFA because, from December 16, 2016 through the present, GSF employees who have used the alleged finger-

scanning biometric timekeeping systems at facilities where GSF employees worked have, in the aggregate, scanned their fingers on the alleged finger-scanning biometric timekeeping systems more than 1,000 times under conditions Plaintiff alleges violate the BIPA. (Ex. C, Declaration of David Bouton, ¶ 8).[4]

### Venue and Procedural Steps

19.     The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

20.     As required by 28 U.S.C. §1446(a), the Complaint, Summons and any other "process, pleadings, and orders" served to date on GSF, are attached as Exhibits A and B.

21.     As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

22.     By filing this Notice of Removal, GSF does not waive any defenses to the claims Plaintiff asserts on behalf of himself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

---

[4] To be clear, GSF denies that Plaintiff and the putative class are entitled to $5,000 or $1,000 in statutory damages from GSF, or any relief at all, and further denies that Plaintiff or the putative class could obtain multiple recoveries for the same purported BIPA violation or on a "per scan" basis. However, GSF accepts Plaintiff's apparent position solely for purposes of this Notice of Removal.

WHEREFORE, Defendant GSF USA, Inc. hereby removes case number 2021 CH 06284 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: March 2, 2022                                     Respectfully submitted,

                                                         GSF USA, INC.

                                                         By:     s/ *Jody Kahn Mason*
                                                                 One of Its Attorneys

Jody Kahn Mason
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Jody.Mason@jacksonlewis.com
Quinn.Donnelly@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jody Kahn Mason, an attorney, certify that on March 2, 2022, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiffs by email and U.S. Mail at the following addresses:

Roberto Luis Costales
William H. Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com

s/ *Jody Kahn Mason*

# EXHIBIT A

FILED
12/16/2021 12:57 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06284
Calendar, 4
15984736

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

HUGO SOLIS, on behalf of himself and other persons similarly situated,

        Plaintiff,

v.

GSF USA, INC.,

        Defendant.

Case No.:

**2021CH06284**

CLASS ACTION COMPLAINT

Plaintiff Hugo Solis files the following Class Action Complaint against Defendant GSF USA, Inc.:

## NATURE OF THE ACTION

1. This is an action by Hugo Solis ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendant, GSF USA, Inc. ("Defendant").

3. As past and present employees of Defendant, Plaintiff and class members were required to provide it with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores its employees' fingerprints and requires all the employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4. Following the capture of their employees' biometric data, Defendant uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5. Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendant will keep the fingerprints, and what might happen to this valuable information.

6. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7. Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8. If Defendant insists on collecting and storing their employees' fingerprints, Defendant must comply with the BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9. Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of himself and class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

11.     Venue is proper in this Court because Defendant is doing business and has a base of operations based in Cook County.

## PARTIES

12.     Plaintiff is an individual subject to the same fingerprint-storing practices as other of Defendant's employees, outlined in further detail below.

13.     Defendant is a for-profit corporation that is registered to and doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

14.     Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites.

15.     As part of this process, Defendant recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16.      As part of this process, Defendant associated employees' biometric data with their personal identifying information, such as name and address.

17.     Thus, Defendant caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

19.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

21.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

23.     Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric information.

24.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

25.     Upon information and belief, Defendant is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendant stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendant's personal computer

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

27. Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

   i. whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

ii. whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

iii. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

iv. whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

v. whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the nature of the employer-employment relationship, and the fact that Defendant's employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions

FILED DATE: 12/16/2021 12:57 PM    2021CH06284

were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates

7

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

28.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**</u>
(Damages)

29.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

31.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

32.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33.     Defendant violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

34.     Defendant conduct is at best negligent and at worst reckless.

35.     Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

<u>**COUNT II**</u>
<u>**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**</u>
(Injunctive Relief)

36.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38.     Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

39.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiffs seek a disclosure from Defendant relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40.     Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41.     Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

42.     Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

43.     Plaintiff seeks an order enjoining Defendant from future violations of the Act.

44.     Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in their favor against Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiff as class representatives and their counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g. Declaring that Defendant's conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

FILED DATE: 12/16/2021 12:57 PM   2021CH06284

*Respectfully Submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

# EXHIBIT B

Notice and Acknowledgment of
Receipt of Summons and Complaint

(12/01/20) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Hugo Solis

Plaintiff(s)

vs.

GSF USA, Inc.

Defendant(s)

Case No. 2021CH06284

Defendant(s)
Amount Claimed: $ _____

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: GSF USA, Inc.          Address: Jody.Mason@jacksonlewis.com
        (Name)

City: Chicago          State: IL   Zip: 60601

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within _____30_____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30_____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within _____60_____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on ____2/1/22____ .

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

Notice and Acknowledgment of
Receipt of Summons and Complaint

(12/01/20) CCG 0063 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: Quinn P. Donnelly, Jackson Lewis P.C.

Address: 150 N. Michigan Avenue, Suite 2500

City: Chicago        State: IL    Zip: 60601

Email: quinn.donnelly@jacksonlewis.com

Relationship to Entity/Authority to Receive Service of Process: Attorney
(Not applicable if your are the named Defendant or Respondent.)

Dated: 1 FEB 2022

_____
Signature

\*   (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
    on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*  (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
    date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO SOLIS, on behalf of himself and other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **Case No.:** |
| v. | ) ) | |
| GSF USA, INC., | ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF DAVID BOUTON

I, David Bouton, state and affirm as follows based on my personal knowledge:

1.      My name is David Bouton. I am over the age of 18 years and otherwise competent to give testimony. I have personal knowledge of the matters set forth in this Declaration.

2.      I am the Corporate Secretary and Director of Human Resources at GSF USA, Inc. ("GSF"). I am authorized to submit this Declaration on behalf of GSF.

3.      As part of my job, I am familiar with and have access to personnel information regarding GSF and its current and former employees, including the timekeeping systems such employees used.

4.      In my position, I am also familiar with the corporate structure of GSF.

5.      GSF is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Indiana.

6.      Hugo Solis is a former employee of GSF.  The last known contact information GSF has for Mr. Solis suggests that Mr. Solis resides in Chicago, Illinois and that he is a citizen of the State of Illinois.

7.      From December 16, 2016 through the present, more than 100 current and former GSF employees have used the alleged biometric timekeeping system at facilities where GSF employees worked under conditions Plaintiff alleges violated the Illinois Biometric Information Privacy Act.

8.      From December 16, 2016 through the present, GSF employees who have used the alleged biometric timekeeping system at facilities where GSF employees worked in Illinois have, in the aggregate, scanned their fingers on the alleged finger-scanning biometric timekeeping systems more than 1,000 times under conditions Plaintiff alleges violate the Illinois Biometric Information Privacy Act.

THE DECLARANT STATES NOTHING FURTHER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 28, 2022.

_____

**David Bouton**