**IN THE UNITED STATES DISTRICT COURT
FO0R THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO SOLIS, on behalf of himself and other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:22-cv-01096 |
| v. | ) ) | Honorable Judge Charles P. Kocoras |
| GSF USA, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT GSF USA, INC.'S MOTION TO STAY PROCEEDINGS

Defendant GSF USA, Inc.("Defendant" or "GSF"), through its undersigned counsel, moves this Court to stay all proceedings in this matter pending decisions by the Illinois Supreme Court in *Cothron v. White Castle Sys.*, Case No. 128004 ("*Cothron*"), and *Tims v. Black Horse Carriers, Inc.,* Case No. 127801 ("*Tims*").

This is a matter filed pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. (Doc. 1, Ex. A, Compl. ¶ 1). Defendant respectfully requests that this Court stay all proceedings in this case because the Illinois Supreme Court is currently adjudicating two appeals (*Cothron* and *Tims*) that have the potential to impact the viability of this lawsuit. In fact, a finding that a one-year statute of limitations applies to claims under the BIPA would bar Plaintiff's claims entirely. Further, a finding that claims under the BIPA accrue just once at the time of first use of an alleged biometric time clock would impact the size of any putative class, the scope of discovery, and potential liability in this matter. Such a decision would be particularly impactful in this matter where Plaintiff has explicitly alleged that each alleged collection of his

biometric information constitutes a violation of the BIPA. In support of this motion, Defendant states as follows:

**BACKGROUND**

1.      On December 16, 2021, Plaintiff Hugo Solis ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against GSF in the Circuit Court of Cook County, Illinois, County Department, Chancery Division alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. (Doc. 1, Ex. A.)

2.      On March 2, 2022, Defendant timely removed this matter to federal court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. (Doc. 1).

3.      Plaintiff is a former employee of GSF. (Doc. 1, Ex. A, Compl., ¶¶ 3, 12). The Complaint alleges that GSF "collects and stores its employees' fingerprints and requires all the employees," including Plaintiff, "to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine." (*Id.* at ¶ 3, 14). Plaintiff further alleges that GSF "uses this data to compare the future scans of their employees' fingerprints into a punch-clock device." (*Id.* at ¶ 4). As such, Plaintiff alleges that GSF "caused the biometric data from employees' fingerprints to be recorded, collected, and stored." (*Id.* at ¶ 17).

4.      In doing so, Plaintiff alleges that GSF violated Sections 15(a), 15(b) and 15(e) of the BIPA by: (i) "failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information," (ii) "collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that: (a) [t]he biometric data was being recorded, obtained, collected, or stored; and (b) [t]he specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or

stored;" and (iii) "failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." (Doc. 1, Ex. A, Compl., ¶¶ 31-33). Plaintiff alleges that "[e]very instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics [sic] identifiers and biometric information constitutes a violation of the Act." *Id.* at ¶ 30. Plaintiff seeks statutory damages of $5,000 for each willful and/or reckless violation of the Act, statutory damages of $1,000 for each negligent violation of the Act, injunctive and declaratory relief, attorneys' fees, and costs. *Id.* at Prayer for Relief.

5. On September 17, 2021, the Illinois Appellate Court for the First Judicial District ("First District") issued a decision in *Tims*, holding that violations of Sections 15(c) and (d) of the BIPA are subject to a one-year statute of limitations and violations of Sections 15(a), (b) and (e) are subject to a five-year statute. *See* 2021 IL App (1st) 200563.

6. On October 22, 2021, the defendant-appellant in *Tims* filed a Petition for Leave to Appeal that decision to the Illinois Supreme Court ("PLA" attached hereto as Exhibit A). On January 26, 2022, the Illinois Supreme Court accepted the PLA in *Tims*[1] and is set to decide the question of "whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation – Privacy") or 735 ILCS 5/13-205 apply to claims brought under [the BIPA]." *See* Exhibit B (Cook County order certifying question for appeal).[2] The Illinois Supreme Court was not required to accept the PLA in *Tims*, but chose to do so, presumably because the Court has something to say regarding the statute of limitations issue.

---

[1] *See* https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/24943c19-d707-4109-ac69-7cb0b14e3ec4/012622.pdf (last visited February 7, 2022).

7.      On December 20, 2021, the United States Court of Appeals for the Seventh Circuit issued a decision in *Cothron v. White Castle*, certifying to the Illinois Supreme Court the question of whether claims under 15(b) and 15(d) of the BIPA "accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission." No. 20-3202, 2021 U.S. App. LEXIS 37593, at *22 (7th Cir. Dec. 20, 2021). The question of when a BIPA claim accrues, the Seventh Circuit recognized, is one about which there is "genuine[] uncertain[ty]" and "implicates fundamental Illinois accrual principles on which only the state's highest court can provide authoritative guidance." *Id.* at *21. This issue, the Seventh Circuit found, "has already shown itself to frequently arise" and has led several courts to stay their proceedings pending further guidance. *Id*.

8.      The Seventh Circuit also explained that "[n]othing in this certification should be read to limit the scope of the Illinois Supreme Court's inquiry" and invited the justices "to reformulate the certified question," thereby opening the door for the Illinois Supreme Court's consideration of the corollary and equally fundamental question of "whether every unauthorized fingerprint scan amounts to a separate violation of the statute." *Id*. at *2.

9.      Given the significance of these issues, the Seventh Circuit *sua sponte* stayed further proceedings in *Cothron* pending the Illinois Supreme Court's consideration of the issues certified for review. *Id*. at *22.

10.      On December 23, 2021, the Illinois Supreme Court accepted the certified question presented in *Cothron*. Appellant filed its opening brief in *Cothron* on March 3, 2022.

11.      The Illinois Supreme Court's consideration of the issues presented in *Cothron* and *Tims* warrant a stay of these proceedings for the reasons explained more fully below. In fact, a

4

finding that a one-year statute of limitations applies to claims under the BIPA would bar Plaintiff's claims entirely as a matter of law. At the very least, both the *Tims* and *Cothron* decisions have the potential to significantly limit the size of the putative class and scope of discovery in this matter, particularly where Plaintiff explicitly alleges that "[e]ach instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics [sic] identifiers and biometric information constitutes a violation of the Act."  (Doc. 1, Ex. A, Compl. at ¶ 30).  Of particular note, the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC,* suggests that the Court will find in *Cothron* that BIPA claims accrue only on the first scan or transmission.  *See* 2022 IL 126511, ¶43 (noting that the BIPA seeks to redress a "lost opportunity to say no by withholding consent").

## ARGUMENT

12.     The issues to be decided by the Illinois Supreme Court in *Cothron* and *Tims* are fundamental to the claims at issue in this case including the viability of Plaintiff's claims, the size of any putative class, the scope of potential discovery and the extent of any potential exposure. The Illinois Supreme Court's rulings in *Cothron* and *Tims* are unquestionably directly relevant and have the potential to be dispositive in this matter.

13.     Staying this matter promotes judicial economy and the orderly administration of justice by making the most efficient use of this Court's time and of the resources of the parties. Absent a stay, the parties would be forced to incur significant costs and to expend ample resources engaging in potentially unnecessary motion practice and potentially, discovery, litigating issues before this Court that will be resolved by the Illinois Supreme Court in *Cothron* and *Tims*. Staying this matter will not unduly prejudice or tactically disadvantage Plaintiff, but it will avoid

unnecessary litigation by simplifying the issues in question thereby reducing the burden of litigation on the parties and this Court.

14.     In particular, forcing the parties to proceed with briefing relative to a motion to dismiss or discovery without the Illinois Supreme Court's guidance on when claims under the BIPA accrue or the applicable statute of limitations imposes a substantial and potentially unnecessary burden on Defendant as it endeavors to collect data relative to Plaintiff and a putative class whose claims the Illinois Supreme Court may soon find are time barred.

15.     If this Motion is not granted, Defendant intends to move to dismiss Plaintiff's Complaint on several grounds including that Plaintiff's claims are time-barred.  Specifically, Defendant intends to argue that Plaintiff's claims are untimely under a one-year statute of limitations. Although the BIPA is silent as to the applicable statute of limitations, Illinois law is clear that claims involving "publication of matter violating the right of privacy shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201 ("Section 13-201"). Accepting as true Plaintiff's allegations that Defendant violated Plaintiff's "right to privacy" through their purported practices of "capturing, collecting, disseminating, or otherwise using" Plaintiff's biometric information, (Doc. 1, Ex. A, Compl. at ¶ 30), Defendant contends that the one-year limitations period set forth in Section 13-201 should apply here.

16.     Plaintiff worked for Defendant from September 2018 to December 2019.[3] However, he did not file his Complaint until December 16, 2021.  He alleges in his Complaint that "Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites." (Doc. 1, Ex. A, Compl. ¶ 14).  Thus, Plaintiff's claims would be untimely

---

[3]     Defendant acknowledges that Plaintiff has not affirmatively pled his date of hire in the Complaint. However, this fact is easily proven and Defendant can present proof of Plaintiff's dates of employment for purposes of this motion, if necessary.

under a one-year (or possible two-year) statute of limitations, as Plaintiff allegedly began using the timekeeping system at issue more than three years before he filed his Complaint. Accordingly, his BIPA claims are time-barred if the Court in *Cothron* determines that BIPA claims accrue on the first scan or transmission and if the Court in *Tims* determines that the one-year limitations period applies.[4]

17.     Even assuming for the sake of argument that Plaintiff's claims did not accrue until his last day of employment, in December 2019, Plaintiff's claims would still be untimely under a one-year limitations period.  Thus, even if the Court were to rule that Plaintiff's claims did not accrue until his final use of the time clock system – and it should not – his claims are time-barred because he did not file the Complaint until December 16, 2021, nearly two years after the latest date that his claims could have possibly accrued.

18.     Thus, the Illinois Supreme Court's forthcoming decisions in *Tims* and *Cothron* are of the utmost relevance to this case. *Tims* will determine whether the one-year statute of limitations applies to claims under the BIPA and *Cothron* will confirm the accrual date for use in determining when the applicable statute of limitations expires. Both of these decisions have the potential to dispose of this matter in its entirety or at the very least, would dramatically reduce the class size and with it the scope of any class discovery.

---

[4]     Plaintiff's claims would also be time-barred under a possible two-year statute of limitations. In *Marion v. Ring Container Techs., LLC,* Case No. 3-20-0184 (3rd Dist.), the Illinois Appellate Court for the Third Judicial District is set to decide "[w]hether the one-year statute of limitations for privacy actions, 735 ILCS 5/13-201, applies to claims brought under the BIPA or "[w]hether the two-year statute of limitations for personal injuries, 735 ILCS 5/13-202, applies to claims brought under BIPA." As explained in further detail below, on March 3, 2022, the Third District *sua sponte* stayed all proceedings in *Marion* pending a decision by the Illinois Supreme Court in *Tims.*

19.     Simply put, the rulings of the Supreme Court in *Cothron* and *Tims* will streamline this matter and promote the efficient resolution of this case, because both rulings will resolve issues of the utmost importance to this litigation.

20.     A stay in this matter will not prejudice Plaintiff or put him at a tactical disadvantage. To the contrary it would save Plaintiff, as it would Defendant the time and resources briefing issues and potentially conducting discovery into claims which could become moot following the Illinois Supreme Court's forthcoming decisions and would provide both parties greater clarity regarding the extent of Plaintiff's putative class claims and Defendant's potential exposure, which would streamline the case and help facilitate any potential resolution (assuming that the decisions in the pending appeals are not dispositive of Plaintiff's claims).

21.     Moreover, no discovery has taken place in this matter, and the proposed stay would remain in place only until *Cothron* and *Tims* are decided. Likewise, Plaintiff, who no longer works for Defendant, has not alleged any facts to suggest an ongoing collection of his biometric data that would require immediate resolution. The putative class members, meanwhile, stand to recover only a relatively modest amount in monetary damages and are likely unaware of the present suit and would not be disadvantaged. Conversely, allowing this matter to proceed would cause substantial prejudice to Defendant, as it would be required to spend significant time and resources litigating this matter, gathering discovery relating to putative class members whose claims may well be time-barred, and briefing issues which are under consideration by the Illinois Supreme Court. Further, it would be manifestly unjust should this matter be decided now when the Illinois Supreme Court's rulings in *Cothron* and *Tims* could indeed be dispositive of Plaintiff's claims. Ultimately, there is nothing to suggest that a stay would be prejudicial and "the general prejudice of having to wait for resolution" is "not a persuasive reason to deny [a] motion for stay." *Medline*

*Indus. V. C.R. Bard, Inc.,* No. 17 C 7216, 2019 U.S. Dist. LEXIS 154346, at *5 (N.D. Ill. Sept. 10, 2019) (internal quotations and citations omitted).

22.     Multiple courts, including the Seventh Circuit, have held that stays of BIPA litigation pending resolution of issues like those in *Tims*[5] and/or *Cothron*[6] are appropriate. *Cothron v. White Castle Sys.*, No. 20-3202, 2021 U.S. App. LEXIS 37593, at *22 (7th Cir. Dec. 20, 2021); *See Jones v. IAS Logistics DFW, LLC*, No. 19 C 2510, 2021 U.S. Dist. LEXIS 255409 (N.D. Ill. Apr. 27, 2021); *see also* <u>Exhibits C and D</u>. In fact, even after the issuance of the Illinois Supreme Court's decision in *McDonald*, courts have continued to stay BIPA cases pending decisions in *Tims*, *Cothron*[7], and other cases that address the issue of the date a claim accrues under

---

[5]     *See, e.g. Grant v. PECO Pallet, Inc.*, Case No. 2021 CH 00017 (Cook Cnty.) (Atkins, J.); *Vazquez v. Pet Food Experts, Inc.,* Case No. 2019 CH 14746 (Cook Cnty.) (Atkins, J.); *George, et al. v. Bricton 191 Assoc., LLC, et al.*, Case No. 2019 CH 04014 (Cook Cnty.) (Gamrath, J.); *Sanchez v. Elite Labor Services, Ltd., et al.*, Case No. 2018 CH 02651 (Cook Cnty.) (Cohen, J.); *Solomon v. Schmolz + Bickenbach USA, Inc., et al.*, Case No. 2019 CH 13361 (Cook Cnty.) (Cohen, J.); *Ambrose v. LCS Cmty. Emp't., LLC, et al.*, Case No. 19 CH 09912 (Cook Cnty.) (Loftus, J.); *Bell v. SDH Services West, LLC, et al.,* Case No. 2020 C 3181 (N.D. Ill. Aug. 27, 2020) (Ellis, J.); *Martin v. Anna Rehab. and Nursing Ctr., LLC*, Case No. 2020 CH 03771 (Cook Cnty.) (Loftus, J.); *Brown, et al. v. Creative Werks, LLC*, Case No. 2019 CH 02030 (Cook Cnty.) (Valderrama, J.); *Truss v. Four Seasons Heating & Air Conditioning, Inc*., Case No. 2019 CH 09633 (Cook Cnty.) (Loftus, J.); *Smithson v. Kilcoy Pastoral Company Trading USA, LLC, et al.,* Case No. 2019 CH 12243 (Cook Cnty.) (Loftus, J.); *Cline v. Marion Rehab and Nursing Ctr.*, Case No. 2020 L 52 (Williamson Cnty.) (Goffinet, J.); *McGraw v. City Beverage,* Case No. 2020 CH 343 (Cook Cnty.) (Moreland, J.); *Christie, et al. v. Carbondale Rehab. and Nursing Ctr., LLC*, Case No. 2020 L 40 (Jackson Cnty.) (Solverson, J.); *Mendez v. United Dental Partners, LLC, et al.*, Case No. 2020-CH-01581 (Cohen, J.); *Young, et al. v. Bria Health Services, LLC, et al.*, Case No. 19 L 0494 (St. Clair Cnty.) (Rudolf, J.); *Donets v. Vivid Seats LLC*, No. 20-cv-03551, 2020 U.S. Dist. LEXIS 238106 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.); and *Vaughan v. Biomat United States*, No. 20-cv-04241, 2020 U.S. Dist. LEXIS 17522 (N.D. Ill. Oct. 23, 2020) (Aspen, J.); (attached hereto as composite <u>Exhibit C</u>).

[6]     *See, e.g.*, *Kyles v. Hoosier Papa LLC*, No. 1:20-cv-07146 (Dkt. No. 22) (N.D. Ill. Mar. 4, 2021) (Blakey, J.) (granting stay pending decisions in *Cothron*, *McDonald*, *Tims* and *Ring* because the rulings "likely will help streamline the issues in this case."); *Roberson v. Maestro Consulting Services LLC*, No. 20-CV-00895-NJR, 2021 U.S. Dist. LEXIS 49577, at *6 (S.D. Ill. Mar. 17, 2021) (granting stay pending *Cothron*, *Tims*, and *Ring*); *Jenkins v. Regal Cinemas, Inc.*, No. 20-cv-03782 (Dkt. No. 32) (N.D. Ill. Dec. 1, 2020) (granting partial stay based upon *Cothron* appeal) (Feinerman, J.); *Roberts v. Graphic Packaging Int'l, LLC*, No. 21-CV-750-DWD, 2021 U.S. Dist. LEXIS 154541 (S.D. Ill. Aug. 17, 2021) (Dugan, J.) (granting stay pending *Tims*, *Ring* and *Cothron*) (attached hereto as composite <u>Exhibit D</u>).

[7]     *See e.g. Madrigal v. Raymundos Food Group, LLC*, Case No. 2019 CH 08939 (Cook Cnty.) (Atkins, J.); *Bloxom v. Herff Jones* LLC, No. 2:21-cv-02071 (C.D. Ill. Feb. 28, 2022) (Long, J.); *Bartucci*

9

the BIPA.[8] *See Roberson v. Maestro Consulting Servs. LLC,* No. 20-CV-00895-NJR, 2021 U.S. Dist. LEXIS 49577, at *3 (S.D. Ill. Mar. 17, 2021) (staying BIPA litigation pending the resolution of *Tims* and *Cothron*); *see also* <u>Exhibits E and F.</u>

23.    In determining whether to stay proceedings to avoid the unnecessary litigation of the same issues, this Court considers the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Jones,* No. 19 C 2510, 2021 U.S. Dist. LEXIS 255409, at * 2 (citing *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020)).

24.    Defendant notes that this Court in *Jones*, along with two Illinois Appellate courts – the Illinois Appellate Courts for the Second and Third Judicial Districts (the "Second District" and "Third District," respectively) – entered orders staying their consideration of BIPA appeals pending the Illinois Supreme Court's resolution of *McDonald*, which presented a threshold issue that could have been dispositive of the plaintiffs' claims. *See* Order, *Balaz v. Wayfair LLC,* No. 2-21-0419 (2d Dist.) (staying appellate proceedings pending *McDonald sua sponte,* as well as the underlying proceedings in the circuit court), attached hereto as <u>Exhibit G</u>; Order in *Marion v. Ring Container Technologies*, Case No. 3-20-0184 (3rd Dist.) (staying appellate proceedings pending

---

*v. DHG Management Company, LLC*, Case No. 2020 CH 05621 (Cook Cnty.) (Wilson, J.)*, Fuentes v. Focal Point Exports, LTD*., Case No. 2019 CH 03890 (Cook Cnty.) (Gamrath, J.); *Fouts v. Zara USA, Inc.*, Case No. 2019 CH 14680 (Cook Cnty.) (Loftus, J.); *Brown v. Creative Werks LLC*, Case No. 2019 CH 02030 (Cook Cnty.) (Walker, J.); *Sanchez v. Wise Plastics Technologies, Inc.*, Case No. 2021 L 000195 (DuPage Cnty.) (Schwartz, J.); *Evans v. Power Solutions International Inc.*, Case No. 2020 L 001024 (DuPage Cnty.) (Schwartz, J.) (continuing to stay matters pending rulings by the Illinois Supreme Court in *Tims* and *Cothron*), <u>Exhibit E.</u>

[8]    *See also Watson v. Legacy Healthcare Financial Services, LLC et al.*, Case No. 2019 CH 03425 (Cook Cnty.) (Meyerson, J.) (continuing to stay the case pending Defendants' Petition for Leave to Appeal (no. 128088) pending before the Illinois Supreme Court which addresses the date of accrual of a claim under the BIPA). <u>Exhibit F.</u>

*McDonald*), attached hereto as <u>Exhibit H</u>; Order in *Soltysik v. Parsec*, Case No. 2-20-0563 (2d Dist.) (staying appeal *sua sponte* pending *McDonald*), attached hereto as <u>Exhibit I</u>. While the basis for the stays of the *Balaz, Marion,* and *Soltysik* appeals was the Illinois Supreme Court's decision in *McDonald,* the propriety of stays pending the Illinois Supreme Court's decisions in *Cothron* and *Tims* are no less proper.

       25.     Moreover, even after the *McDonald* decision was issued, both the Second and Third Districts in *Balaz* and *Marion* have continued to stay BIPA appeals pending the Illinois Supreme Court's decisions in *Tims* and/or *Cothron*. On March 3, 2022, the Third District stayed the appeal in *Marion* pending a decision by the Illinois Supreme Court in *Tims. See* <u>Exhibit J</u>. On March 14, 2022, the Second District in *Balaz* entered an order staying further appellate proceedings in the case pending the Illinois Supreme Court's decisions in *Tims* and *Cothron. See* <u>Exhibit K</u>.

       26.     While not binding on this Court, the decision of the Second District in *Rodriguez v. Returns 'R' Us, Inc.,* 2021 IL App (2d) 210684-U, is instructive. On December 14, 2021, the Second District held that a circuit court's failure to stay a BIPA case pending a decision by the Illinois Supreme Court in *McDonald* constituted an abuse of discretion. *See Rodriguez,* 2021 IL App (2d) 210684-U, ¶ 14.[9] In *Rodriguez*, the defendant appealed the circuit court's denial of a stay request pursuant to Illinois Supreme Court Rule 307. The Second District reviewed the decision and found that the circuit court abused its discretion in refusing to stay the case pending *McDonald*, explaining that it has "long recognized that it is appropriate to stay circuit court proceedings when there is a case pending before a court of review that could have dispositive effect on the circuit court proceedings." *Id*. ¶ 15 (citing cases). Because *McDonald* addresses a "threshold question"

---

[9]     On November 20, 2020, the Illinois Supreme Court amended Illinois Supreme Court Rule 23 to permit citation to and consideration of unpublished orders issued on or after January 1, 2021, which would include the *Rodriguez* order.

that could be fatal to plaintiff's claims, the Second District concluded that "staying the proceedings was the appropriate course of action," and the failure to do so amounted to an abuse of discretion. *Id.* ¶¶ 16-18 (emphasis in original).

27.     This Court has discretion to stay these proceedings to control its own docket as part of its "district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Jones*, No. 19 C 2510, 2021 U.S. Dist. LEXIS 255409, at *1-2  (citing *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019)); *see also Clinton v. Jones,* 520 U.S. 681, 707 (1997); *Roberson v. Maestro Consulting Servs. LLC*, No. 20-CV-00895-NJR, 2021 U.S. Dist. LEXIS 49577, at *3 (S.D. Ill. Mar. 17, 2021).

28.     Here, the Illinois Supreme Court's analysis of the accrual and statute of limitations issues in *Cothron* and *Tims* have the potential to either fully dispose of or significantly reduce the claims at issue. Staying this matter pending those decisions, and before the parties undertake significant discovery, makes eminent sense and will save the parties from litigating claims that the Illinois Supreme Court may soon find are time-barred.

29.     The Seventh Circuit, and the Illinois Appellate Court for both the Second and Third District have all concluded that it is appropriate to stay BIPA cases similar to the instant action pending decisions from the Illinois Supreme Court on threshold issues that could be dispositive of the claims asserted. The outcome here should be no different and, therefore, Defendant respectfully requests that this Court stay this matter in its entirety pending decisions by the Illinois Supreme Court in *Cothron* and *Tims*.

30.     Should the Court grant this motion, Defendant will inform the Court within 14 days of the Illinois Supreme Court's decisions in *Cothron* and *Tims*.

31. Defendant has conferred with Plaintiff's counsel, William Beaumont, who has advised that Plaintiff opposes this motion.

32. Should this motion be denied, Defendant requests a thirty (30) day enlargement of time in which to file its responsive pleading to Plaintiff's Complaint. *See Vaughan,* No. 20-CV-4241, 2020 WL 6262359 (staying BIPA case, including the defendant's obligation to file a motion to dismiss, pending a decision by the Illinois Appellate Court for the First Judicial District in *Tims,* noting, [w]e see little value in asking [defendants] to elaborate upon their position in a motion to dismiss, or in asking Plaintiff to respond to such a motion, when the arguments raised by the parties might change in response to the Illinois Appellate Court's anticipated decision in *Tims*").

WHEREFORE, Defendant, GSF USA, Inc. respectfully requests that the Court stay this matter in its entirety pending the Illinois Supreme Court's decisions in *Cothron v. White Castle Sys.* and *Tims v. Black Horse Carriers, Inc.* In the alternative, Defendant requests a 30-day enlargement of time in which to file its responsive pleading, and any additional relief deemed just and appropriate.

Dated: March 29, 2022

Respectfully submitted,

DEFENDANT GSF USA, INC.

By:    */s/ Jody Kahn Mason*
One of Its Attorneys

Jody Kahn Mason
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Quinn.Donnelly@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jody Kahn Mason, an attorney, certify that on March 29, 2022, I caused a true and correct copy of the attached *DEFENDANT'S MOTION TO STAY PROCEEDINGS* to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

*/s/ Jody Kahn Mason*

# EXHIBIT A

No. _____

---

# IN THE SUPREME COURT OF ILLINOIS

---

| | |
|---|---|
| JOROME TIMS; ISAAC WATSON; individually and on behalf of a class of similarly situated persons | ) ) ) ) |
| | ) |
| *Plaintiffs-Respondents,* | ) ) |
| vs. | ) ) |
| BLACK HORSE CARRIERS, INC. | ) ) |
| *Defendant-Petitioner.* | ) ) ) |

On Appeal from the Appellate
Court of Illinois, First Judicial
District, No. 1-20-0563

There on Appeal from the Circuit
Court of Cook County, Illinois,
County Department, Chancery
Division. No. 2019 CH 3522

The Honorable
David B. Atkins
Judge Presiding.

---

## PETITION FOR LEAVE TO APPEAL

---

David M. Schultz
John P. Ryan
Adam R. Vaught
Louis J. Manetti, Jr
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, Illinois 60606
312-704-3000

*Attorneys for Petitioner,*
Black Horse Carriers, Inc.

---

E-FILED
10/22/2021 4:53 PM
Carolyn Taft Grosboll
SUPREME COURT CLERK

## Prayer for Leave to Appeal

Defendant-Petitioner Black Horse Carriers, Inc., in accordance with Illinois Supreme Court Rule 315(a), prays for leave to appeal from the judgment of the Appellate Court of Illinois, First Judicial District.

## Judgment Below

The Appellate Court's decision was entered on September 17, 2021. (Opinions attached as Appendix at 1) No petition for rehearing was filed.

The issue on appeal to the Appellate Court was a certified question under Supreme Court Rule 308. The question was as follows: whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation – Privacy") or 735 ILCS 5/13-205 apply to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (SR at 286.)

The Appellate Court answered the question by holding "Code section 13-201 governs actions under section 15(c) and (d) of the [Biometric Information Privacy] Act, and section 13-205 governs actions under section 15(a), (b), and (e) of the Act. 740 ILCS 14/15 (West 2018)." (Appendix ¶ 35)

## Points Relied Upon For Review

Lawsuits filed under the Biometric Information Privacy Act ("Act") have increased greatly in the past few years. But as the trial court stated in certifying the question below, "there is no direct authority in Illinois on what statute of limitations properly applies to claims under [the Act], and the issue has arisen in numerous such cases at the trial level, including this one." (SR 285.) The question in this appeal presents a question of statewide importance

because the trial courts are without clear guidance on what statute of limitations to apply to claims under the Act. The circuit court certified the question below asking whether the one-year privacy statute in section 13-201 or the five-year statute in section 13-205 applied. The Appellate Court's answer was, both apply. This Court should grant leave to appeal for the following reason.

1. The Appellate Court below has held that section 13-201 (one-year privacy statute) governs actions under section 15(c) and (d) of the Act while section 13-205 (five-year catch call statute) governs actions under sections 15(a), (b), and (e) of the Act. (Opinion, ¶ 33)

Section 13-201 provides a one-year statute of limitations for actions "for publication of matter violating the right of privacy[.]" 735 ILCS 5/13-201. The court reached this conclusion by finding section 13-201 applies only to claims that have an "element" of publication. The court then read the five section 15 subsections in isolation and determined section 15(a), (b), and (e) do not have elements of publication, therefore section 13-201 does not apply to them. Instead, the court found those subsection are governed by the five-year statute of limitations in section 13-205.

This conclusion fails to recognize the purpose of the Act is to protect against the unauthorized publication of biometric data before it occurs. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 37. Each subsection of section 15 plays a role in protecting against unauthorized

3

publications. As a result, the Act itself involves publication of a matter involving the right of privacy. The Act name itself is the Biometric Information *Privacy* Act. The mere fact certain actionable duties may not have a publication element does not take away from the fact the purpose of the Act is to avoid publication of private biometric data. The Appellate Court thus erred in determining the entire Act is not governed by section 13-201.

### Statement of Facts

On March 18, 2019, plaintiff Jorome Tims filed a class action complaint against his former employer, defendant Black Horse. (SR 1-22) The complaint asserted claims under BIPA. (*Id.*) BIPA regulates the "collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). "Biometric identifier" includes "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

Tims' Complaint alleged that Black Horse required its employees to use a timeclock that used finger scans as an authentication method. (*Id.* at 10.) Tims alleges Black Horse's use of the timeclock violated BIPA in various ways. First, he claims that Black Horse failed to maintain a publicly available policy in violation of section 15(a) of the statute. (*Id.* at 16-17.) Second, he alleges Black Horse failed to obtain written release in violation of section 15(b). (*Id.* at 18-19.) Finally, he claims Black Horse disclosed his information to third parties in violation of section 15(d). (*Id.* at 20-21.)

1018882\309326916.v1

In response to Plaintiff's Complaint, Black Horse moved to dismiss the Complaint as barred under the one-year statute of limitations for privacy claims provided by section 5/13-201. (*Id.* at 23-59.) Black Horse argued BIPA is a privacy statute that seeks to protect the unauthorized disclosure of biometric identifiers. (*Id.* at 30.) Therefore, BIPA is governed by the privacy statute of limitations. (*Id.* at 31-35.)

In response, Tims argued that the five-year catchall statute of limitations applied to BIPA. (*Id.* at 63-67.) Tims agreed that "it is undisputed that BIPA is a privacy statute." (*Id.* at 65.) But Tims argued the one-year privacy statute of limitations did not apply because (1) it only applied to privacy claims in which publication was a required element; and (2) BIPA claims do not have a publication element. (*Id.* at 65-67.) Tims asserted that instead of the one-year privacy statute of limitations, the five-year statute of limitations controlled because it is for all "Illinois statutes that do not provide a specific limitations period." (*Id.* at 64.)

In reply, Black Horse explained that it was undisputed that a BIPA violation is a privacy injury, so the law requires the privacy statute of limitations to govern BIPA claims. Black Horse stressed that section 5/13-201 applied to privacy claims more generally that involved publication, and not merely claims where publication is an element of the claim. (*Id.* at 101-08.) It further argued that there was no authority for the claim that publication must be an element of a privacy claim for section 5/13-201 to apply. (*Id.* at 103-08.)

5

Black Horse also showed how there was no question that BIPA was a privacy statute that involved publication.

On September 23, 2019, the Circuit Court denied Black Horse's motion to dismiss. (*Id.* at 168-70.) It held that the privacy statute of limitations in 5/13-201 did not apply because "this action is premised on Plaintiff's claims that Defendant violated BIPA; not that Defendant has generally invaded Plaintiff's privacy or defamed him." (*Id.* at 169.) It further held that the five year statute of limitations applied by "default" because BIPA "does not provide an explicitly stated statute of limitations." (*Id.* at 170.)

On December 17, 2019, Black Horse filed a motion to reconsider the order denying its motion to dismiss or, in the alternative, for appellate certification under Illinois Supreme Court Rule 308. (*Id.* at 225-40.) It argued that the court erred in its holding that the privacy statute of limitations did not apply to BIPA because, under settled Illinois Supreme Court precedent, the type of injury determines the statute of limitations—and the type of injury with a BIPA violation is unquestionably a privacy injury. (*Id.* at 227-30.) It also argued section 5/13-201 applies to all privacy claims that involve publication, and BIPA involves publication. (*Id.* at 230-33.)

Alternatively, Black Horse argued that the court should certify the statute of limitations issue under Rule 308 because the conditions were met and this Court could offer useful guidance on the issue, particularly with the proliferation of BIPA trial-level cases. (*Id.* at 233-36.) On February 26, 2020,

6

the circuit court entered an order denying the motion to reconsider, but certifying a Rule 308 question. (*Id.* at 285-86.)

On appeal, the Appellate Court held that section 13-201 governs actions under section 15(c) and (d) of the Act, but section 13-205 governs actions under section 15(a), (b), and (e) of the Act. It started its analysis with the following statement.

> Here, we find from the language of section 13-201 including actions "for publication of matter violating the right of privacy" (735 ILCS 5/13-201 (West 2018)) and from our decision in *Benitez* [*v. KFC National Management Co.*, 305 Ill. App. 3d 1027 (2nd Dist. 1999) that section 13-201 does not encompass all privacy actions but only those where publication is an element or inherent part of the action. Had the legislature intended to include all privacy actions, it would have written something like "actions for slander, libel, or privacy" or "actions for slander, libel or violations of the right of privacy." Similarly, had the legislature intended to include any privacy action that merely concerns or pertains to publication, it would have used such broad language rather the narrower "for publication." Logically, an action for something has that thing as a necessary part or element of the action.

(Opinion, ¶ 29)

From there, the court found three sections did not have an element of publication or dissemination. "A private party would violate section 15(a) by failing to develop a written policy establishing a retention schedule and destruction guidelines, section 15(b) by collecting or obtaining biometric data without written notice and release, or section 15(e) by not taking reasonable care in storing, transmitting, and protecting biometric data." (*Id.* ¶ 31) The court concludes, "an action under section 15(a), (b), or (e) of the Act is not an action "for publication of matter violating the right of privacy." (*Id.*)

7

Conversely, the court found that publication or disclosure of biometric data is an element of claims under section 15(c) and (d). The court section 15(c) "forbids a private party to sell, lease, trade, or otherwise profit from" biometric data (id. § 15(c)), which entails a publication, conveyance, or dissemination of such data. In other words, an action under section 15(c) or (d) is an action for publication of matter violating the right of privacy." (*Id.* ¶ 32) Additionally, section 15(d) is violated by disclosing or otherwise disseminating such data absent specified prerequisites such as consent or a court order. (*Id.*)

The court then concluded "[w]e therefore find that section 13-201 governs actions under section 15(c) and (d) of the Act while section 13-205 governs actions under sections 15(a), (b), and (e) of the Act. As we are answering the certified question based on the relevant statutory language, which is not ambiguous, we need not resort to, and shall not address, aids of construction such as legislative history." (Opinion, ¶ 33)

### Argument

The certified question before the Appellate Court was "whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation—Privacy") or 735 ILCS 5/13-205 apply to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1," The Appellate Court answered the question by holding both apply. Specifically, it held "section 13-201 governs actions under section 15(c) and (d) of the Act, and section 13-205 governs actions under section 15(a), (b), and (e) of the Act." (Opinion, ¶ 35)

8

The subsections of Section 15 of the Act impose on private entities possessing biometric identifiers or information the following duties: (a) "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first"; (b) inform a person in writing that biometric identifiers or information are being collected or stored, the purpose therefor, and the period it will be stored or used, and obtain written release; (c) not "sell, lease, trade, or otherwise profit from" a person's biometric identifier or information; (d) not "disclose, redisclose, or otherwise disseminate" a person's biometric identifier or information without consent, request, or authorization of the subject, a legal requirement of disclosure, or a court order; and (e) "store, transmit, and protect from disclosure all biometric identifiers and *** information using the reasonable standard of care" and "in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15.

To enforce these duties, "[a]ny person aggrieved by a violation of this Act shall have a right of action" and "may recover for each violation" (1) $1000 liquidated damages or actual damages, whichever is greater, for negligent violations; (2) $5000 liquidated damages or actual damages, whichever is

greater, for intentional or reckless violations; (3) reasonable attorney fees and costs; and (4) other relief including injunctions. 740 ILCS 14/20.

This Court has stated "[t]he duties imposed on private entities by section 15 of the Act (740 ILCS 14/15 (West 2016)) regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right." *Rosenbach*, 2019 IL 123186, ¶ 33. "The strategy adopted by the General Assembly through enactment of the Act is to try to head off such problems before they occur." *Id.* ¶ 36. It does this "by imposing safeguards to insure that individuals' and customers' privacy rights in their biometric identifiers and biometric information are properly honored and protected to begin with, before they are or can be compromised." *Id.* "When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, the right of the individual to maintain [his or] her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." *Id.* ¶ 34 (internal citations omitted).

In reaching its conclusion, however, the Appellate Court did not look at the mandatory procedures in context of the whole Act. Instead, the court looked at subsection (a), (b), (c), (d), and (e) as separate, distinct causes of action. Then, in analyzing whether the privacy statute of limitations applies, it stated "that section 13-201 does not encompass all privacy actions but *only those where*

1018882\309326916.v1

*publication is an element or inherent part of the action.*" (Opinion, ¶ 29 (emphasis added))

It analyzed as follows:

While all these duties concern privacy, at least three of them have absolutely no element of publication or dissemination. A private party would violate section 15(a) by failing to develop a written policy establishing a retention schedule and destruction guidelines, section 15(b) by collecting or obtaining biometric data without written notice and release, or section 15(e) by not taking reasonable care in storing, transmitting, and protecting biometric data. Id. § 15(a), (b), (e). A plaintiff could therefore bring an action under the Act alleging violations of section 15(a), (b), and/or (e) without having to allege or prove that the defendant private entity published or disclosed any biometric data to any person or entity beyond or outside itself. Stated another way, an action under section 15(a), (b), or (e) of the Act is not an action "for publication of matter violating the right of privacy." 735 ILCS 5/13-201 (West 2018).

Conversely, publication or disclosure of biometric data is clearly an element of an action under section 15(d) of the Act, which is violated by disclosing or otherwise disseminating such data absent specified prerequisites such as consent or a court order. 740 ILCS 14/15(d) (West 2018). Section 15(c) similarly forbids a private party to "sell, lease, trade, or otherwise profit from" biometric data (id. § 15(c)), which entails a publication, conveyance, or dissemination of such data. In other words, an action under section 15(c) or (d) is an action "for publication of matter violating the right of privacy."

(Opinion, ¶¶ 31, 32).

The Appellate Court's determination that publication must be an element relied on *Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1998). *Benitez* considered whether claims for invasion of privacy based on the defendants secretly viewing plaintiffs in the bathroom were governed by Section 5/13-201. The Court determined the plaintiffs' claims were best

11

categorized as stating a claim for "intrusion upon the seclusion of another." *Id.* at 1033. The court noted the core of the tort of intrusion upon seclusion "is the offensive prying into the private domain of another." *Id.* Examples included "invading someone's home, illegally searching someone's shopping bag in a store, eavesdropping by wiretapping, peering into the windows of a private home, or making persistent and unwanted telephone calls." *Id.* In determining the proper statute of limitations to apply, the court found "the plain language of section 13-201 indicates that the one-year statute of limitations governs only libel, slander and privacy torts involving publication." *Id.* Because the tort of intrusion upon seclusion does not have anything to do with publication of private information, the court found section 13-201 did not apply.

*Benitez* acknowledged a conflict in its holding with *Juarez v. Ameritech Mobile Comm., Inc.*, 746 F. Supp. 798, 806 (N.D. Ill. 1990) (holding that alleged claims for invasion of privacy must be brought within one year), *aff'd*, 957 F.2d 317 (7th Cir. 1992); *see also Hrubec v. Nat'l R.R. Passenger Corp.*, 778 F. Supp. 1431, 1435 (N.D. Ill. 1991), *reversed on other grounds*, 981 F.2d 962 (7th Cir. 1992). *Juarez* and *Hrubec* both held that Section 13-201 should not be read so narrowly to exclude privacy claims for intrusion upon seclusion. *Id. Juarez* and *Hrubec* instead relied on the historical application of Section 13-201 to all privacy claims.

1018882\309326916.v1

Regardless, the Appellate Court overread *Benitez* to hold publication must be an element of each subsection of the Act for section 13-201 to apply. *Benitez* never expressly limits the scope of section 13-201 to only privacy claims which require publication as an element. Instead, Benitez said, "[t]he fact that publication is not an element of intrusion upon seclusion is crucial, since the plain language of section 13--201 indicates that the one-year statute of limitations governs only libel, slander and privacy torts involving publication (see 735 ILCS 5/13--201 (West 1994))." *Benitez,* 305 Ill. App. 3d at 1034. The reference to "an element" was simply an acknowledgement that intrusion upon seclusion has nothing to do with the publication of private information. As *Benitez* then said, 13-201 governs "privacy torts *involving publication.*" *Id.* (emphasis added).

As a result, section 13-201 should govern the Act because the entire Act is designed as a privacy claim to prevent the unauthorized publication of biometric data. It is, therefore, a cause of action involving publication. The mere fact certain actionable duties may not have a specific publication element does not take away from the fact the purpose of the Act is to avoid the unauthorized publication of biometric data. For example, this Court in *Rosenbach* said "[t]he strategy adopted by the General Assembly through enactment of the Act is to try to head off such problems before they occur." *Rosenbach,* 2019 IL 123186, ¶ 36. Likewise, the Appellate Court has held the

entire purpose of the Act is "to prevent an unauthorized disclosure[.]" *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶70.

Furthermore, the plain language of the Act and its legislative history eliminate any doubt that the Act is a privacy claim involving publication. *Sekura* stated that "[w]hen interpreting a statute, we do not read a portion of it in isolation; instead we read it in its entirety, keeping in mind the subject it addresses and the drafters' apparent objective in enacting it." *Sekura*, 2018 IL App (1st) 180175 ¶42. The Appellate Court, however, analyzed each subsection of Section 15 in isolation. Such an interpretation conflicts with the drafters' objective. *Id.* at ¶42.

It is in this context that the Court should grant leave to appeal to analyze whether sections 15(a), (b), and (e) involve publication alone those section are part of the strategy of the Act to prevent an "unauthorized disclosure." *Sekura*, 2018 IL App (1st) 180175 ¶70. For example, section 15(a) states that an entity needs to enact a policy for retention or destruction of biometric data or the entity must destroy the data within 3 years of their last interaction. The purpose behind section 15(a) is to protect the biometric data from being disclosed to a third-party, because without a retention or destruction policy, the data could be disseminated. Similarly, section 15(b) discusses the need to obtain a written release. The written release allows a person to know where their biometric data will go, which allows a person to determine if they want their data to be disseminated. And section 15(e)

14

requires taking reasonable care in storing, transmitting, and protecting biometric data which too is aimed to prevent unauthorize dissemination of biometric data. Section 15(e) states in part that a private entity needs to "protect from disclosure all biometric identifiers and biometric information[.]" 740 ILCS 14/15. As a result, the plain language and purpose of the Act establish that, unlike intrusion upon seclusion, it is a cause of action premised on protecting against the unauthorized publication of private data.

Though the language of the Act is clear that its purpose is to prevent unauthorized publication of biometric data, its legislative history also provides further proof that the privacy statute of limitations should apply. The *Sekura* court reviewed the legislative history behind the Act and found Senator Ryg identified its primary impetus. *Sekura*, 2018 IL App (1st) 180175¶63. A company known as Pay By Touch had assets that contained biometric information, it went into bankruptcy and the court approved the sale of it, which sale included this information. *Id.* Thereafter, the Illinois legislature sought to address the valid concerns of what would happen to the biometric data of thousands of Illinois citizens. *Id.* The concern was that biometric data would be disclosed to the wrong person and end up in the wrong hands. Thus, the legislature sought "to protect against unauthorized disclosure." *Id.* at ¶70.

A statute that shares similar goals on related subjects as the Act is the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.* Neither the Act nor IRPA have an expressed statute of limitations. Neither require publication

15

to the masses to state a claim. Both the Act and IRPA expand on the common law right for an invasion of privacy. They also both allow for actual damages or statutory damages. Both statutes also allow for the recovery of attorneys' fees and costs. And in *Blair v. Nevada Landing Partnership*, 369 Ill. App. 3d 318, 323 (2nd Dist. 2006), the court applied the one-year statute of limitations to an alleged violation of IPRA.

The application of the privacy statute of limitations to IPRA at the time the Act had been enacted provides further evidence that the privacy statute of limitations must apply here. A Court "must presume" that several statutes relating to the similar subjects are governed by one spirit and that the legislature intended the statutes to be interpreted harmoniously. *Uldrych v. VHS of Ill., Inc.*, 239 Ill.2d 532, 540 (2011); *Evanston v. Riseborough*, 2014 IL 114271, ¶ 24.

*Blair* established that the privacy statute of limitations applied to IRPA in December of 2006. *Blair*, 369 Ill. App. 3d at 323. IRPA supplanted the "common law right of publicity," but it did not supplant "any other rights provided by the law including but not limited to the common law right of privacy." 765 ILCS 1075/60. Thereafter, the legislature passed the Act in May of 2008 – 1 1/2 years after *Blair* was decided.

Over a decade later, Senator Ryg and several other sponsors of the Act

16

confirmed that the legislature passed the Act in the same spirit as IRPA.[1] Senator Ryg and several other sponsors submitted an amicus brief in *Rosenbach. Id.* The legislators' amicus brief compared the Act to IRPA. *Id.* They explained in their amicus brief how the Act and IRPA share similar goals on related subjects. As a result, the same one-year privacy statute of limitations that applies to IRPA must apply to Act.

Regardless the proper interpretation of the Act and the statute of limitations that applies, however, this Court should grant leave to appeal to decide the issue and provide uniformity to claims brought under the Act.

### Conclusion

WHEREFORE, Defendant Black Horse Carriers, Inc. respectfully requests this Court allow its petition for leave to appeal.


/s/ Adam R Vaught
David M. Schultz
John P. Ryan
Adam R. Vaught
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, Illinois 60606
312-704-3000
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
avaught@hinshawlaw.com
lmanetti@hinshawlaw.com
*Attorneys for Applicant,*
*Black Horse Carriers, Inc.*

---

[1] Brief Amicus Curiae, available at
http://illinoiscourts.gov/SupremeCourt/SpecialMatters/2018/123186_MOT3.pdf (last accessed October 20, 2021).

1018882\309326916.v1

## CERTIFICATION

I certify that this application conforms to the requirements of Rule 341(a) and (b) and Rule 367. The length of this petition, excluding the pages containing the Rule 341(d) cover, the Rule 341(c) certificate of compliance, the certificate of service is 4,014 words.

/s/ Adam R. Vaught

Adam R. Vaught
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, Illinois 60606
312-704-3000
avaught@hinshawlaw.com

1018882\309326916.v1

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JOROME TIMS, individually and
on behalf of all others similarly sit-
uated,

        Plaintiff,

        v.

BLACK HORSE CARRIERS,
        Defendant.

No. 2019-CH-03522

Calendar 16

Judge David B. Atkins

JUDGE DAVID B. ATKINS

FEB 26 2020

Circuit Court-1879

FILED DATE: 1/21/2021 5:52 PM    2019CH05158

### ORDER

THIS CASE COMING TO BE HEARD on Defendant's Motion to Recon-
sider, or in the Alternative for Appellate Certification, the court having re-
viewed the written submissions and being fully advised in the premises,

THE COURT HEREBY FINDS AND ORDERS:

1. Defendant Black Horse Carriers now seeks reconsideration of this
   court's September 23, 2019 Order denying its Motion to Dismiss, finding
   that §13-205's "catch-all" 5-year statute of limitations applied and thus
   Plaintiff's action was timely filed. The court further found that §13-201's
   1-year limitations period did not apply to Plaintiff's statutory BIPA
   claims.

2. As before, Plaintiff's reliance on *Travelers Cas. and Sur. Co. v. Bowman*[1]
   is misplaced. The Illinois Supreme Court has not held that a 1-year lim-
   itations period applies to statutory claims under BIPA, particularly
   where such claims do not require any publication of the relevant infor-
   mation. Like this court, many courts in this Circuit have found[2] that the
   1-year period set forth in §13-201 does not apply in BIPA cases, but ra-
   ther §13-205's "catch-all" provision is applicable. Accordingly, Defend-
   ant's Motion to Reconsider is denied insofar as the court declines to re-
   consider its substantive ruling in the September 23, 2019 Order.

3. Nevertheless, the court finds Appellate certification of the question is
   appropriate. As noted above, there is no direct authority in Illinois on
   what statute of limitations properly applies to claims under BIPA, and
   the issue has arisen in numerous such cases at the trial level, including
   this one. Especially in light of the impact a 1-year vs. 5-year period
   would have on the facts of this case, some guidance on the matter would

---

[1] 229 Il. 2d 461 (2008)
[2] See, e.g. *Robertson v. Hostmark Hospitality Group*, 18 CH 5194 (Cir. Ct. Cook Cty. July 31,
2019); *Van Jacobs v. New World Van Lines*, 19 CH 02619 (Cir. Ct. Cook Cty. October 29, 2019);
and numerous others cited in full in Plaintiff's response to the instant Motion.

materially advance this litigation. The Motion is therefore granted in part in that the court hereby certifies the following question to the Illinois Appellate Court pursuant to Illinois Supreme Court Rule 308: whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation – Privacy") or 735 ILCS 5/13-205 apply to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

JUDGE DAVID B. ATKINS
ENTERED:

FEB 26 2020

Circuit Court-1879

_____

Judge David B. Atkins

The court.

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

DEVONTE GRANT, on behalf on himself and          )
all other persons similarly situated known and    )
unknown,                                          )
        Plaintiff,                               )
                                                )
v.                                                )    Case No. 2021-CH-00017
                                                )    Calendar 16
PECO PALLET, INC.,                                )    Hon. David B. Atkins
        Defendant.                              )

## ORDER

THIS MATTER COMING on April 28, 2021 via Zoom for presentment of Defendant's Amended Motion to Stay All Proceedings or, in the Alternative, for an Extension of Time in Which to File Its Responsive Pleading, and the Court being fully advised, **IT IS HEREBY ORDERED:**

1. Defendant's Motion is GRANTED, and this matter is stayed pending decisions by the Illinois Supreme Court in *McDonald v. Symphony Bronzeville Park, LLC* and the First District Appellate Court in *Tims v. Black Horse Carriers, Inc.*

2. It is further ordered that Defendant shall inform this Court of any decision in *McDonald* or *Tims* within 14 days after issuance of the decision.

3. This matter is set for a case management conference (CMC) and status to **June 30, 2021** at **10:30 a.m.** via Zoom (Meeting ID: 925 5932 0340; Password: 209408).

4. All current deadlines and all other status dates, including the CMC/status set for May 4, 2021, are struck.

ENTERED:

Prepared by:
Jason A. Selvey
Derek S. Franklin
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
Jason.Selvey@jacksonlewis.com
Derek.Franklin@jacksonlewis.com
Firm ID #39408

_____
Judge

JUDGE DAVID B. ATKINS
APR 28 2021
Circuit Court-1679

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RAFAEL VAZQUEZ, individually and on behalf of all others similarly situated,

        *Plaintiff,*

    v.

PET FOOD EXPERTS, INC.

        *Defendant,*

Case No.: 2019 CH 14746

Hon. David B. Atkins

Cal 16

## AGREED ORDER

    This matter is before the Court for status, due notice having been given and the Court fully advised in the premises; IT IS HEREBY ORDERED:

1.    This case is currently stayed pursuant to court order pending the appeal in *Tims v. Black Horse*;

2.    This case is continued to **December 16, 2020** at **10:30 a.m.** for status on the appeal in *Tims v. Black Horse*; and

3.    The August 10, 2020 court date is struck.

JUDGE DAVID B. ATKINS

AUG 06 2020

Circuit Court-1879

ENTERED:

Judge Atkins

DATED: _____

*Order prepared by:*
Mara Baltabols
Counsel for Plaintiff
THE FISH LAW FIRM, P.C.
mara@fishlawfirm.com
docketing@fishlawfirm.com
Cook Cnty # 44086

*as agreed by:*
John P. Ryan
Counsel for Defendant
Hinshaw & Culbertson LLP
jryan@hinshawlaw.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| VERONICA GEORGE, CLARISS HERNANDEZ and NICOLE KRONENBURGER, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| BRICTON 191 ASSOCIATES, LLC, JANKO HOSPITALITY, LLC, JH ASSOCIATE MANAGEMENT, LLC and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT NAPERVILLE, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case No. 2019-CH-04014

## ORDER

This matter coming before the Court on a court ordered case management conference, with all parties in attendance through counsel and after the Court being fully advised as to all issues, it is hereby ordered that:

This matter is set for a status conference on December 7, 2020 at 9:45 am via remote video conference at which time the parties will report on the status of the appeals in *McDonald* and *Tims*.

Defendants' motions to dismiss are entered and continued until further order of the Court. Bricton 191 Associates, Janko Hospitality LLC, and JH Associate Management, LLC do not need to file a reply in support of their respective motions to dismiss until the Court provides a new deadline.

Judge Celia G. Gamrath

AUG 18 2020

Circuit Court - 2031

|  | John P. Ryan |
|---|---|
| | Firm I.D. 90384 |
| **Name** | Hinshaw & Culbertson LLP |
| **Address** | 151 North Franklin Street, Suite 2500 |
| **City** | Chicago, Illinois |
| **Telephone** | (312) 704-3000 |
| **Attorney For** | Defendant Bricton 191 Associates |

............................................................

..................................................,

**ENTER:**

Judge      Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LUIS SANCHEZ, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ELITE LABOR SERVICES, LTD. d/b/a ELITE STAFFING, INC., VISUAL PAK COMPANY, | ) ) ) |
| Defendants. | ) |

Case No. 2018-CH-02651

### [PROPOSED] ORDER

This matter coming to be heard on Plaintiff's Motion to Lift Stay and Defendant Elite Labor

Services, Ltd.'s Motion to Continue Stay, all Parties present and the Court being fully advised, it

is so ordered:

- This matter continues to be stayed pending resolution of *McDonald v. Symphony Bronzeville Park, LLC*, No. 1-19-2398 (1st Dist.) and *Tims v. Black Horse Carriers, Inc.*, No. 20-563;

- The status set for December 4, 2020 at 9:30am is stricken; and

- This matter is set for status on the appellate matters on December 14, 2020 at 9:30am via Zoom (Meeting ID: 940 2402 4757 Password: 739301).

Prepared by:
Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
hjenkins@stephanzouras.com
Attorneys for Plaintiff

ENTERED: 10·14·20

Hon. Neil H. Cohen



ENTERED
Judge Neil H. Cohen-2021

OCT 14 2020

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY SOLOMON, individually and on )
behalf of all others similarly situated, )
                                  )
          Plaintiff, )         19 CH 13361
                            )         Judge Neil H. Cohen
       v. )         Calendar 5
                            )
SCHMOLZ + BICKENBACH USA, INC., and )
ADP, LLC )
                            )
         Defendants, )

## ORDER

This matter coming to be heard on status and on Defendant SCHMOLZ +
BICKENBACH, INC.'S Supplemental Motion to Stay Proceedings, due notice having been
given and the Court being fully advised in the premises, IT IS HEREBY ORDERED THAT:

The motion is granted, over Plaintiff's objection, and this matter is set for further status
on December 14, 2020 at 9:30 am. Counsel for the parties shall advise this Court prior to
December 14, 2020, in the event the Illinois Appellate Court rules on *Tims v. Black Horse
Carriers, Inc*. Case No. 1-20-0563 (1st Dist.), and/or with rulings of the Illinois Supreme Court in
*McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398 (1st Dist.)

ENTERED:

Dated: _____ *10 · 7 · 20*

Judge: _____ Neil H. Cohen

Jeffrey Friedman
Arijana Keserovic
LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorneys for the Plaintiff
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 357-1431
Attorney Code: 39580

ENTERED
OCT 08 2020
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ANTHONY SOLOMON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 19 CH 13361 Judge Neil H. Cohen |
| v. | ) ) ) | Calendar 5 |
| SCHMOLZ + BICKENBACH USA, INC., and ADP, LLC | ) ) ) | |
| Defendants, | ) | |

## ORDER

This matter coming to be heard on status, due notice having been given and the Court being fully advised in the premises, IT IS HEREBY ORDERED THAT:

This matter remains stayed. It is set for further status on March 3, 2021 at 9:30 am. Counsel for the parties shall advise this Court prior to March 3, 2021, in the event the Illinois Appellate Court rules on *Tims v. Black Horse Carriers, Inc.* Case No. 1-20-0563 (1st Dist.), and/or with rulings of the Illinois Supreme Court in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398 (1st Dist.)

ENTERED:

Dated: 12/14/20

Judge: Neil H. Cohen #202

Jeffrey Friedman
Arijana Keserovic
LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorneys for the Plaintiff
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 357-1431
Attorney Code: 39580
friedman@jmflaw.com
keserovic@jmflaw.com

ENTERED

DEC 14 2020

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| Kamilya Ambrose, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No.: 2019 CH 09912 |
| Plaintiff, | ) ) | |
| | ) | Judge Anna Loftus |
| v. | ) ) | Calendar 15 |
| LCS Community Employment LLC and Carrington Care LLC, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

This cause coming to be heard on Defendants' Joint Motion to Dismiss Plaintiff's Putative Class Action Complaint and to Strike Certain Class Allegations Pursuant to 725 ILCS 5/2-619.1 ("Joint Motion to Dismiss") and Defendants' Amended Joint Motion to Stay Proceedings, the Court being duly advised in the premises, IT IS HEREBY ORDERED that:

1.    Defendants' Amended Joint Motion to Stay Proceedings is granted. This case is stayed in its entirety pending (i) the decision of the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*, and (ii) the decision of the First District Appellate Court in the pending *Tims v. Blackhorse* appeal.

2.    All other motions, including Defendants' Joint Motion to Dismiss and Plaintiff's Rule 191(b) Motion are entered and continued generally.

3.    The November 9, 2020 court date is stricken.

4.    This matter is scheduled for status on the stay on December 8, 2020 at 10:00 a.m.

Judge Anna M. Loftus
ENTERED:

NOV - 2 2020

/s/ *Anna M. Loftus*

Circuit Court Judge Anna M. Loftus, No. 2102

1

Prepared by:

Mara Baltabols
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590 Phone
(630) 778-5002 Direct
(630) 778-0400 Facsimile
mara@fishlawfirm.com
docketing@fishlawfirm.com
Atty #: 44086


Agreed to by:

Jody Kahn Mason
Jason A. Selvey
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com
**Counsel for Defendant**
4841-5852-8720, v. 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TAMACA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 3181 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SDH SERVICES WEST, LLC, a Delaware | ) | |
| limited liability company, and SODEXO | ) | |
| AMERICA, LLC, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to stay [17]. The Court stays this case pending the Illinois Appellate Court's decisions in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. The Court orders the parties to file a status report by 11/23/2020 to update the Court on the status of these decisions and sets a status date for 12/1/2020. See Statement.

## STATEMENT

Plaintiff Tamaca Bell filed this putative class action against Defendants SDH Services West, LLC ("SDH") and SDH's parent company, Sodexo America, LLC ("Sodexo"). Bell alleges that SDH used biometric scanning and time-tracking devices and technology to monitor its employees' time on the job, requiring employees to provide biometric scans each time they clocked in and out of work. Bell claims that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, through their collection, storage, and use of her biometric information. Defendants have filed a motion to stay proceedings pending the Illinois Appellate Court's rulings on interlocutory appeals in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. Defendants argue that a ruling in favor of the defendants in either of these cases would be dispositive of Bell's claims. Bell opposes the motion.

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299

U.S. 248, 254–55 (1936). In determining whether to exercise its discretion to stay proceedings, the Court considers "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

Defendants represent that they plan to file a motion to dismiss Bell's complaint in its entirety but believe that a stay prior to doing so would streamline that motion and potentially dispose of the entire case. As part of their motion to dismiss, Defendants plan to argue that the Illinois Workers' Compensation Act (the "IWCA"), 820 Ill. Comp. Stat 305/1 *et seq.*, preempts Bell's claims and that the statute of limitations bars Bell's claims. The *McDonald* case concerns whether the IWCA's exclusivity provisions bar BIPA claims, while the *Tims* case addresses the limitations period for BIPA claims. The trial courts in both cases rejected Defendants' anticipated arguments. Defendants argue that because the Illinois Appellate Court is poised to decide these issues, the Court should exercise its discretion to stay this proceeding pending the decisions in *McDonald* and *Tims*. According to Defendants, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Bell opposes the motion, arguing that "[n]either *McDonald* nor *Tims* [is] likely to reverse the solid consensus among Illinois state and federal courts that the IWCA does not preempt BIPA claims and that BIPA claims are subject to a five-year, not one-year limitations period." Doc. 20 at 2; *id.* at 6, 8 (collecting cases). She also contends that a stay would unnecessarily delay the case and prejudice her and the putative class members' substantive rights under BIPA. Specifically, Bell claims that a stay would prejudice their rights "to know where, how, by whom, and for how long Defendants are using or storing their biometric data." *Id.* at 3. In their reply, Defendants represent that they never collected Bell's or putative class members' fingerprints and have now destroyed any of the disputed data, suggesting that there is no continuing harm to Bell or putative class members that would require injunctive relief. *Cf. Mutnick v. Clearview AI, Inc.*, No. 20 C 512, Doc. 61 at 3 (N.D. Ill. May 19, 2020) (denying stay of BIPA claims where the plaintiff sought injunctive relief on his BIPA claim).

Although a close question, the Court finds it appropriate to stay this case pending the *McDonald* and *Tims* appellate court decisions. Having previously considered the preemption issue, the Court finds it unlikely that the Illinois Appellate Court will conclude that the IWCA preempts BIPA claims. *See Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at \*6 (N.D. Ill. Feb. 26, 2020) (collecting cases and agreeing that the IWCA does not preempt BIPA claims); *see also Cothron v. White Castle Sys., Inc.*, --- F. Supp. 3d ----, 2020 WL 3250706, at \*5–6 (N.D. Ill. June 16, 2020) (rejecting IWCA preemption argument and noting that "courts have unanimously rejected it—and for good reason"). And Defendants' anticipated statute of limitations argument is not appropriate for a motion to dismiss in this case because Bell has not included any relevant dates in the complaint. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (the statute of limitations is an affirmative defense that the Court can consider on a motion to dismiss only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations"). Nonetheless, because the Illinois Appellate Court's decisions in *McDonald* and *Tims* could control the Court's resolution of the

preemption and timeliness issues and guide the parties' positions as they proceed with the litigation, *see Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."), a stay has the potential to conserve both the parties' and judicial resources and streamline the issues.  If the Illinois Appellate Court rules in favor of Defendants on the preemption issue, that ruling would compel dismissal of Bell's claims.  Even if the Illinois Appellate Court agrees with the current consensus that the IWCA does not preempt BIPA claims, such a ruling would narrow the issues Defendants would raise in their anticipated motion to dismiss.  And although as discussed a statute of limitations argument is not appropriate for a motion to dismiss in this case, the ruling in *Tims* could streamline discovery and class certification proceedings.  In light of these considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay.  *See Treadwell v. Power Sols. Int'l, Inc.*, No. 18 C 8212, Doc. 120 (N.D. Ill. Apr. 1, 2020) (granting motion to stay pending the *McDonald* appellate court decision).  *But see Mintun v. Kenco Logistics Servs. LLC*, No. 19-2348, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020) (denying motion to stay pending *McDonald* because "it is unlikely that a state appellate court would rule that the IWCA preempts BIPA," meaning a stay would not streamline the issues or conserve the parties' resources).  Therefore, the Court stays this case pending the Illinois Appellate Court decisions in *McDonald* and *Tims*.


Date:  August 27, 2020                                    /s/  Sara L. Ellis_____

3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTRY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| TAKARA MARTIN, individually and on behalf of all others similarly situated, known and unknown, | ) ) ) ) | |
| | ) | Case No.: 2020 CH 03771 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Anna M. Loftus |
| ANNA REHABILITATION AND NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF ANNA, | ) ) ) ) | Calendar 15 |
| Defendant. | ) | |

## **ORDER**

This matter, coming before the Court on Defendant's Motion to Stay Proceedings and the Court being fully advised, it is hereby ordered that the Motion is GRANTED.

1.  This matter is stayed in its entirety pending a decision by the Appellate Court for the First Judicial District on the certified question it accepted for review in *Tims v. Black Horse Carriers, Inc.*;

2.  Defendant's Motion to Dismiss Plaintiff's Class Action Complaint is entered and continued; and

3.  A status is set for December 8, 2020 at 10:00 am. All other deadlines and hearing dates are hereby stricken.

ENTERED:

/s/ *Anna M. Loftus*

Judge Anna M. Loftus, No. 2102

Judge Anna M. Loftus
SEP 29 2020
Circuit Court

Prepared by:
Jody Kahn Mason
Jason A. Selvey
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

Firm Id: 39408

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LEON BROWN and JOSEPH CUTTRELL, )
on behalf of themselves and all other persons )
similarly situated, known and unknown, )
                                       )     Case No. 2019CH02030
          Plaintiffs, )
                                         )     Judge Valderrama
     v. )
                                         )
CREATIVE WERKS LLC, )
                                         )
          Defendant. )

## AGREED ORDER ON DEFENDANT'S MOTION CERTIFY QUESTIONS OR, IN THE ALTERNATIVE, TO STAY ALL PROCEEDINGS AND DEFENDANT'S MOTION FOR STAY OF DEADLINE FOR RESPONSIVE PLEADING

      This matter, coming before the court on Defendant's Motion to Certify Questions Under

Illinois Supreme Court Rule 308, or, in the Alternative, to Stay All Proceedings, and Defendant's

Motion for Stay of Deadline for Responsive Pleading, all parties being present and the Court

having held a status hearing by Zoom on July 15, 2020, it is hereby ordered that:

1.   Pursuant to agreement of the Parties, the Court stays all proceedings in this matter until the

      Illinois Appellate Court for the First District issues decision in the following cases: *Tims*

      *v. Black Horse Carrier*, No. 1-20-0563 and *McDonald v. Symphony v. Bronzeville Park*

      *LLC*, No. 1-19-2398.

2.   Defendant withdraws its Motion to Certify Questions Under Illinois Supreme Court Rule

      308 and its Motion for Stay of Deadline for Responsive Pleadings.

3.   The status hearing set for July 15, 2020 at 9:30 a.m. is stricken.

4.   The Court shall hold a status hearing on October 14, 2020 at 9:30 a.m.

Dated: July 15, 2020

                                      /s/ *Franklin U. Valderrama*
                                    Judge Franklin Ulyses Valderrama

ENTERED
JUDGE FRANKLIN ULYSES VALDERRAMA-1968

JUL 15 2020

DOROTH1 BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

*Prepared by*:
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C. (Firm No. 42031)**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorney for Plaintiffs

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

KEVIN TRUSS, )
)
Plaintiff, )
)
v. )     Case No. 2019 CH 09633
)
)     Calendar 15
FOUR SEASONS HEATING & AIR )
CONDITIONING, INC., )
)
Defendant. )

### AGREED ORDER

THIS MATTER COMING TO BE HEARD on the parties agreed request to stay this matter pending the resolution of the appeals in *McDonald v. Symphony Bronzville Park, LLC* (Case No. 19-2398) and *Tims v. Black Horse Carriers, Inc.* (Case No. 20-563), due notice having been given and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that this matter is stayed until further order of the Court. The parties will appear before this Court on December 8, 2020 at 10:00 a.m. to report on the status of the aforementioned appeals.

The status date set for September 11 is hereby stricken.

ENTERED:

Judge Anna M. Loftus
JUN 11 2020
Circuit Court-2102

/s/ *Anna M. Loftus*
Judge Anna M. Loftus

David M. Schultz
John P. Ryan
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
Email:  dschultz@hinshawlaw.com
        jryan@hinshawlaw.com
Firm No. 90384

1023974\305847443.v1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

STEVEN SMITHSON, individually and on
behalf of all others similarly situated,

    Plaintiff,

             Case No. 2019-CH-12243

             Calendar 15

v.

KILCOY PASTORAL COMPANY TRADING
USA, LLC d/b/a KILCOY GLOBAL FOODS,
and RUPRECHT COMPANY d/b/a
RUPRECHT – A DIVISION OF KILCOY
GLOBAL FOODS,

    Defendants.

### ORDER

   This matter coming today before the Court for a hearing on status, presentment of
Plaintiff's Motion to Cite Recent Authority in Support of His Response in Opposition to
Defendants' Motion to Dismiss, and presentment of Defendants' Motion to Stay Proceedings, all
parties present through counsel, due notice having been given and the Court being fully advised
in the premises, it is hereby ordered:

   1. Plaintiff's Motion to Cite Recent Authority is granted. Plaintiff shall send additional
copies of his motion and authority to the Court via electronic mail;

   2. Defendants' Motion to Stay Proceedings is granted. This matter is stayed until further
order by the Court;

   3. Defendants withdraw their pending Motion to Stay Discovery in light of the Court
staying all proceedings in this matter; and

   4. This matter is continued for status on December 8, 2020 at 10:00AM.

ENTERED

AUG 7 2020

_Anna M. Loftus_
Circuit Judge Anna M. Loftus, No. 2102

*Order prepared and agreed to by:*

/s/Alexis D. Martin
Alejandro Caffarelli (6239078)
Alexis D. Martin (6309619)
Caffarelli & Associates Ltd.
224 S. Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*
Firm ID 58616
*Attorneys for Plaintiff*

/s/ John P. Ryan
David M. Schultz
John P. Ryan
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
*dschultz@hinshawlaw.com*
*jryan@hinshawlaw.com*
*lconley@hinshawlaw.com*
Firm ID 37976
*Attorneys for Defendants*



IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

**F I L E D**

SUZANNE CLINE, on behalf of herself and )
all other persons similarly situated, known )
and unknown, )

**AUG 1 4 2020**

)
            Case No.: 2020 L 52    *W. Wie*
)
                  CLERK OF THE CIRCUIT COURT

*Plaintiff,* )

)

v. )      Judge Jeffrey Goffinet

)

MARION REHABILITATION AND )
NURSING CENTER, LLC d/b/a )
INTEGRITY HEALTHCARE OF )
MARION, )

)

*Defendant.* )

## ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS

    This matter, coming before the Court on Defendant's Motion to Stay Proceedings and the Court being fully advised, it is hereby ordered that the Motion is GRANTED.

    1.    This matter is stayed pending decisions by the Appellate Court for the First Judicial District on the certified questions it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.*

    2.    It is further ordered that the Defendant shall inform this Court of any decisions by the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.* within 14 days after issuance of the decision.

    3.    All current deadlines and hearing dates are hereby stricken.

Entered: 8/13/20             So Ordered: _____
                                            Judge Goffinet

Prepared by:
Jody Kahn Mason (ARDC #6289872)
Jason A. Selvey (ARDC #6287353)

9



Julia S. Wolf (ARDC #6316590)
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| McGraw, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2020 CH 343 |
| v. | ) | Hon. Caroline K Moreland |
| | ) | Judge Presiding |
| City Beverage, | ) | Cal. 10 |
| | ) | |
| Defendants. | ) | |

**ORDER**

After conferring with the parties via e-mail for a remote status, IT IS HEREBY ORDERED:

1. This matter is set for status on, 1/21/2021 at 10:30 AM;

2. Defendant's motion for a stay pending appeal in Tims v. Black Horse Carriers, Inc.

Judge Caroline Kate Moreland

AUG 24 2020

Circuit Court - 2033

_____
Dated

_____
Judge Caroline Kate Moreland   No. 2033

FILED 34

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
JACKSON COUNTY, STATE OF ILLINOIS AUG 31 AM 10: 58

| | | |
|---|---|---|
| JESSICA CHRISTIE and CHIMARI JONES, on behalf of themselves and all others persons similarly situated, known and unknown, | ) ) ) ) | *Cindy R. Svanla*<br>CIRCUIT CLERK<br>JACKSON COUNTY, IL |
| | ) | Case No.: 2020L40 |
| Plaintiff, | ) ) | Hon. Christy Solverson |
| v. | ) ) | |
| CARBONDALE REHABILITATION AND NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF CARBONDALE, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

This matter, coming before the Court on Defendant Carbondale Rehabilitation and Nursing Center, LLC, d/b/a Integrity Healthcare of Carbondale's Motion to Stay All Proceedings, and the Court being fully advised, it is hereby ordered that the Motion to Stay All Proceedings is GRANTED.

This matter is stayed in its entirety pending the decision of the Appellate Court for the First Judicial District on the certified questions it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.*

It is further ordered that the Defendant shall inform this Court of any decision of the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.* within 14 days after issuance of the decision.

All current deadlines and hearing dates are hereby stricken.

Entered: _8/28/20_

So Ordered: _____
Judge

Prepared By:
Jody Kahn Mason
Jason A. Selvey
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.co
Jason.Selvey@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| IDALIA MENDEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 2020CH01581 |
| v. | ) ) | Judge Neil H. Cohen |
| UNITED DENTAL PARTNERS, LLC and ALL KIDS DENTAL CENTER, LLC d/b/a ALL DENTAL FAMILY AND BRACES, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter coming before the Court for a status hearing and on Defendants' Amended Motion to Stay All Proceedings or, in the Alternative, for Additional Time to Answer or Otherwise Plead ("Motion to Stay"), due notice having been given and the Court fully advised in the premises, IT IS HEREBY ORDERED:

Defendants' Motion to Stay is granted over Plaintiff's objection, and this case is continued to March 3, 2021 at 9:30 a.m. in Room 2308 for a status on the stay pending (i) the decision of the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*, and (ii) the decision of the First District Appellate Court in the pending *Tims v. Blackhorse* appeal. Defendants' responsive pleading deadline is continued during the pendency of the stay.

ENTER: 12·23·20

Prepared by:
Jody Kahn Mason
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com
Firm No. 39408
**Counsel for Defendants**

Reviewed by:
Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel.: 312.233.1550
Fax: 312.233.1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm No. 43734
**Counsel for Plaintiff**

4819-4192-7637, v. 1



**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ALTAMESE YOUNG and REVA BROWN, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 19L0494 |
| v. | ) ) ) | Judge Heinz Rudolf |
| BRIA HEALTH SERVICES, LLC and BELLEVILLE HEALTHCARE & REHABILITATION CENTER, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

FILED
ST. CLAIR COUNTY

OCT 2 9 2020

*Keturah a. Clay*
CIRCUIT CLERK

11

## ORDER GRANTING DEFENDANTS' AMENDED MOTION TO STAY PROCEEDINGS

This matter, coming before the Court on Defendants' Amended Motion to Stay Proceedings and the Court being fully advised, it is hereby ordered that the Motion is granted. Parties appeared through counsel remotely due to continued Covid-19 concerns. The Court finds that the parties waived any objection to appearing in open court for the hearing.

1.  This matter is currently stayed pending a decision by the Appellate Court for the First Judicial District on the certified question it accepted for review in *Tims v. Black Horse Carriers, Inc.*, a decision by the Appellate Court for the Third Judicial District on the certified question it accepted for review in *Marion v. Ring Container Techs.*, and a decision by the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*.

2.  A status is set for July 21, 2021 at 9:00 a.m. via Zoom in courtroom 403.

3.  All other deadlines and hearing dates are hereby stricken.

Entered: *10-29-20*

So Ordered: _____

Circuit Judge Heinz Rudolf

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SAMUEL DONETS,
individually and on behalf of all
others similarly situated,

        Plaintiff,

    v.

VIVID SEATS LLC,

        Defendant.

No. 20-cv-03551
Judge Franklin U. Valderrama

## ORDER

Plaintiff Samuel Donets (Donets), a former employee of Defendant Vivid Seats LLC (Vivid Seats) brings this proposed class action against Vivid Seats for alleged violations of the Illinois Biometric Information Privacy Act (BIPA). R. 24, Am. Compl.[1] Vivid Seats moved to dismiss the amended complaint on three bases: (1) Donets' claim is time-barred by the statute of limitations; (2) Donets' request for damages are barred by the Exclusivity Provisions in the Illinois Workers' Compensation Act (IWCA); and (3) Donets has failed to sufficiently assert allegations that plausibly establish that Vivid Seats "willfully" or "recklessly" violated BIPA. R. 30, Mot. Dismiss. Simultaneously with its motion to dismiss, Vivid Seats moved to stay the proceedings pending: (1) appeals in two Illinois appellate court cases, (2) a petition for leave to appeal to the Illinois Supreme Court, and (3) an interlocutory appeal before the Seventh Circuit Court of Appeals. R. 32, Mot. Stay. Vivid Seats contends that each pending appeal and petition will inform the Court's analysis regarding the statute of limitations and IWCA's exclusive remedy provisions. *Id.* Donets opposes Vivid Seats' motion to stay. R. 35, Opp. Mot. Stay. For the reasons set forth below, Vivid Seats' motion to stay is granted in part and denied in part.

## Statement

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir.

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

## Statute of Limitations

Vivid Seats contends that this Court should stay the case pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184. Both cases will be addressing the currently unsettled question of which statute of limitations period applies to BIPA claims. "Federal courts hearing state law claims under diversity … apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). In this case, Donets' claims arise under Illinois law. Am. Compl. ¶ 1. Because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois Appellate Court would likely be binding here.[2] *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."); *see also Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at \*2 (N.D. Ill. Oct. 23, 2020) (staying a BIPA case until the Illinois Appellate Court's decision in *Tims*).

Vivid Seats also seeks to stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)). The certified question is whether a private entity violates BIPA only when it first collects an individual's biometric information, or whether a violation occurs each time a private entity

---

[2]Of course, it is possible that the Illinois First District Appellate Court's decision in *Tims* will conflict with the Illinois Third District Appellate Court's decision in *Marion*. If that is the case, then this Court must predict how the Illinois Supreme Court would decide the issue. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002).

collects or discloses the biometric data in violation of 740 ILCS 15(b) or 15(d).[3] *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).

As noted above, in support of its Motion to Dismiss, Vivid Seats argues that Donets' claims are time-barred. Mot. Dismiss at 3–9. Vivid Seats therefore contends that a stay would be appropriate because the outcome of the appeals in *Tims* and *Marion* will constitute decisional authority that this Court should consider, which could potentially dispose of the entire case or at the least significantly reduce Donets' and the class' claims in scope and value. Similarly, Vivid Seats correctly states that the Seventh Circuit's decision in *White Castle* will be binding on this Court.

Donets opposes the stay, arguing that "there is no reason to suspect that the Appellate Court in *Tims* or *Marion* would depart from what seems to be an elementary application of an unambiguous statute to the undisputed facts of a case" and hold that BIPA claims are subject to a five (5)-year limitations period. Opp. Mot. Stay at 8. Donets further argues that the certified question on appeal in *White Castle* is unlikely to change the statute of limitations analysis, because the plain language of the statute makes clear that BIPA is violated each and every time an entity collects or discloses an individual's biometric data. *Id.* at 9 (citing *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019)).

The Court finds it appropriate to stay this case pending the *Tims* and *Marion* Illinois Appellate Court decisions on the applicable statute of limitations. The *Tims* and *Marion* decisions could control the Court's resolution of the timeliness issue and guide the parties' positions as they proceed with this litigation. *See Nationwide Agribusiness Ins.*, 810 F.3d at 450. And at least two judges in this District have stayed similar cases pending the Illinois Appellate Court's decision in *Tims*. *See Vaughan*, 2020 WL 6262359, at *2; *Bell v. SDH Servs. W., LLC*, 20-cv-3181, Dkt. 22 (N.D. Ill. Aug. 27, 2020). Both courts reasoned that the benefits of a stay pending a potentially dispositive decision outweighed the potential risks of the delay. In *Bell*, the court held that a stay was appropriate even though a statute of limitations argument was not appropriate for a motion to dismiss because the plaintiff did not include any relevant dates in the complaint. *Bell*, 20-cv-3181, Dkt. 22. Here, as Vivid Seats argues in its motion to dismiss, Donets included dates in his complaint, alleging that he used the time clock at issue "since at least 2015." Mot. Dismiss at 8 (citing Am. Compl. ¶ 27). So Vivid Seats' statute of limitations argument is properly raised on a motion to

---

[3]The full question on appeal is:

> Whether a private entity violates Sections 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq., only when it is alleged to have first collected (§ 15(b)) or to have first disclosed (§ 15(d)) biometric information or biometric identifiers ("biometric data") of an individual without complying with the requirements of those Sections, or whether a violation occurs each time that a private entity allegedly collects (§ 15(b)) or discloses (§ 15(d)) the individual's biometric data without complying with the requirements of the applicable subsection.

dismiss, and the Illinois Appellate Court's decisions in *Tims* and *Marion* could be dispositive.

A stay is also appropriate pending the Seventh Circuit's *White Castle* decision on when an injury occurs under BIPA. Contrary to Donets' argument that BIPA is "unambiguous and dispositive" as to when a violation occurs, as the district court in *White Castle* noted upon certification of the interlocutory appeal, "reasonable minds can and have differed as to the clarity of BIPA's statutory text and the extent to which suppositions about legislative intent should shape courts' application of it." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141. As Vivid Seats points out, the district court in *White Castle* stayed proceedings pending the Seventh Circuit's interlocutory review, and the Seventh Circuit held that such a stay was "warranted." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 145; *White Castle*, No. 20-8029, Dkt. 9 (7th Cir. Nov. 9, 2020). So too here, the Seventh Circuit's decision may limit or eliminate Donets' and the class' timely claims and a stay is appropriate pending the appeal. Despite Donets' argument that the outcome of *White Castle* will never dispose of the case, Opp. Mot. Stay at 12—if the Seventh Circuit disagrees with the district court, and holds that a violation occurs only when the entity first collects or first discloses an individual's biometric data, it may dispose of Donets' claim if the Illinois Appellate Court were to hold that a one-year statute of limitations applies. Regardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class.

According to Vivid Seats, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Donets raises several arguments in opposition to the stay. He contends that a stay would unnecessarily delay the case and will not streamline the litigation. Opp. Mot. Stay at 11–12. He also argues that a stay will allow Vivid Seats to continue "to store and potentially use his biometric data in violation of BIPA." *Id.* at 11. Although the Court is mindful of the harms associated with the retention and potential misuse of sensitive data, a stay will cause minimal, if any, additional harm to Donets in this case, given the limited nature of the stay.[4] Moreover, Donets asserts that Vivid Seats is storing and "potentially" using sensitive data in violation of BIPA. When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests weighing in favor of a stay. *See, e.g., Vaughan*, 2020 WL 6262359, at *3. Donets' concerns do not justify denying Vivid Seats' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.*; *see also Bell*, 20-cv-3181, Dkt. 22; *Treadwell v. Power Sols. Int'l, Inc.*, 18-cv-8212, Dkt. 120 (N.D. Ill. Apr. 1, 2020) (concluding that the plaintiff's

---

[4]This Court understands that both *Tims* and *Marion* are fully briefed. The Seventh Circuit granted the petition for permission to appeal in *White Castle* on November 9, 2020. A briefing schedule has not yet been set.

concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

<em>Illinois Workers Compensation Act</em>

Vivid Seats also requests that the Court stay this case pending the decision of the Illinois Supreme Court on the defendant's petition for leave to appeal in *McDonald v. Symphony Bronzeville Park, LLC*. Mot. Stay ¶ 4, Ex. 4, *McDonald* Pet. The defendant seeks to appeal the Illinois Appellate Court's unanimous holding that the exclusivity provisions of the IWCA do not bar claims brought under BIPA. *McDonald* Pet. at 2. True, as Vivid Seats argues, the answer to that question would directly impact the outcome of Vivid Seats' second basis for dismissal—IWCA preemption. Mot. Stay ¶¶ 4, 6. But, as Donets contends, not only has the Illinois Supreme Court not yet accepted the petition, but also myriad state and federal district courts have held as did Illinois Appellate Court in *McDonald*, that the IWCA does not preempt BIPA claims. Opp. Mot. Stay at 6–7 (collecting cases). Additionally, many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue. *Id.* at 13–14 (collecting cases); *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020).[5] Without ruling on the question directly, this Court agrees with the court in *Mintun* that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA. 2020 WL 1700328, at *2.

Moreover, unlike the stay pending the Illinois Appellate Court's decisions on the fully-briefed appeals in *Tims* and *Marion*, and the interlocutory appeal currently pending before the Seventh Circuit, the Illinois Supreme Court has not yet granted the petition for leave to appeal in *McDonald*, and thus, the stay would not be as limited in duration. *Contra Vaughan*, 2020 WL 6262359, at *2 (a stay would be limited and unlikely to prejudice a party where it would be in place pending an appellate decision on a fully briefed case). Therefore, Vivid Seats' Motion to Stay the proceedings pending the Illinois Supreme Court's decision in *McDonald* is denied.

For the foregoing reasons, Vivid Seats' Motion to Stay [32] is granted in part and denied in part. The Court stays this case pending the Illinois Appellate Court's decisions in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184 and pending the Seventh Circuit's

---

[5]As *Vivid Seats* points out, at least two other judges in this District granted stays while *McDonald* was pending before the Illinois Appellate Court. *Bell*, 20-cv-3181, Dkt. 22; *Treadwell*, 18-cv-8212, Dkt. 120. Since *Bell* and *Treadwell* were stayed, the Illinois Appellate Court issued its decision in *McDonald*, unanimously holding against IWCA preemption. Both courts have continued the stays since the Illinois Appellate Court issued its decision; however, this Court granted a continuance of the stay in *Treadwell* at the parties' request because they are engaged in settlement negotiations, not because of the pending Illinois Supreme Court decision on the petition for leave to appeal. 18-cv-8212, Dkt. 125, 126.

5

decision in *In Re: White Castle Sys., Inc.*, No. 20-8029. The parties are to file a status report by February 15, 2021 to update the Court on the status of these cases. Vivid Seats' Motion to Dismiss [30] is denied without prejudice with leave to refile once the stay is lifted.

Date:  12/15/2020

United States District Judge
Franklin U. Valderrama

No *Shepard's* Signal™
As of: October 25, 2020 5:34 PM Z

# *Vaughan v. Biomat United States*

United States District Court for the Northern District of Illinois, Eastern Division

October 23, 2020, Decided; October 23, 2020, Filed

No. 1:20 CV 04241

**Reporter**
2020 U.S. Dist. LEXIS 197522 *

BRIAN R. VAUGHAN, individually and on behalf of all others similarly situated, Plaintiff, v. BIOMAT USA, INC. and TALECRIS PLASMA RESOURCES, INC., Defendants.

**Counsel:** **[*1]** For Brian R. Vaughan individually and on behalf of all others similarly situated, Plaintiff: David J. Fish, Mara Ann Baltabols, The Fish Law Firm, P.C., Naperville, IL; John C Kunze, The Fish Law Firm, Naperville, IL.

For Biomat USA, Inc, Talecris Plasma Resources, Inc., Defendants: Jason A. Selvey, LEAD ATTORNEY, Jackson Lewis P.C. (Chicago), Chicago, IL; Julia Sarah Wolf, Jackson Lewis P.C., Chicago, IL.

**Judges:** Honorable Marvin E. Aspen, United States District Judge.

**Opinion by:** Marvin E. Aspen

# Opinion

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Defendants Biomat USA, Inc. and Talecris Plasma Resources, Inc. filed a motion to stay these proceedings, pending the Appellate Court of Illinois,

First District's decision in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.). (Dkt. No. 14.) For the reasons set forth below, we grant the motion. The parties are hereby directed to file a status report as soon as the Appellate Court of Illinois, First District ("Illinois Appellate Court") issues its ruling in *Tims*.

## BACKGROUND

On June 10, 2020, Plaintiff Brian R. Vaughan filed a putative Class Action Complaint (Dkt. No. 1, Ex. A) ("Complaint" or "Cmplt.") against Defendants in the Circuit Court **[*2]** of Cook County, Illinois, alleging that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), *740 ILCS 14/1, et seq.* Plaintiff's theory is that Defendants use finger-scanning devices to track donors without (i) providing a publicly available policy concerning the retention and destruction of biometric information, or (ii) making certain disclosures and obtaining written releases. (*See* Cmplt. ¶¶ 47, 77-78.) Defendants removed the action to federal court on July 17, 2020, for diversity jurisdiction under *28 U.S.C. § 1332*. (Dkt. No. 1.) Defendants then requested and were granted an extension to August 24, 2020, to answer or otherwise plead to the Complaint. (Dkt. No. 11.) On August 24, 2020, Defendants filed the instant motion. (Dkt. No. 14.)

Defendants have not yet filed a responsive pleading, but in their motion to stay, they state that they "intend to move to dismiss Plaintiff's claims, including because they are untimely under the one-year statute of limitations set forth in 735 ILCS 15/13-201." (Dkt. No. 14 at 2.)

## LEGAL STANDARD

The Court "has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler, 776 F. App'x 339,*

2020 U.S. Dist. LEXIS 197522, *2

342 (7th Cir. 2019) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). In evaluating whether to grant a motion to stay, [*3] courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." Obrzut, et al. v. LVNV Funding, LLC, et al., No. 19-cv-01780, 2020 WL 3055958, at *1 (N.D. Ill. June 8, 2020) (internal citations and quotations omitted). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

**ANALYSIS**

Defendants argue that we should stay this case because the Illinois Appellate Court's ruling in Tims will clarify the unsettled legal question of which statute of limitations applies to BIPA claims. (Dkt. No. 14 at 4.) That issue is of significance here because, to the extent that a one-year statute of limitations applies rather than a five-year period, Plaintiff's case may warrant dismissal. (Id.) Defendants assert that we will "promote efficiency and preserve resources" by staying these proceedings pending a decision in Tims. (Id.) We agree.

"Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." [*4] McCoy v. Iberdrola Renewables, Inc., et al., 760 F.3d 674, 684 (7th Cir. 2014). In this case, Plaintiff's claims arise under Illinois law. (Cmplt. ¶¶ 66-93.) The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision in Tims would likely be binding here. See Nationwide Agribusiness Ins. Co. v. Dugan, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."). And, as noted above, the Illinois Appellate Court's forthcoming decision as to the applicable statute of limitations might be dispositive. It makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming. See Burnett v. Ocwen Loan Servicing, LLC, No. 17-C-3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (staying litigation where an appellate court decision would "simplify legal issues...and reduce the burden of litigation on the parties and the court"); see

also Treadwell v. Power Solutions Int'l, Inc., Case No. 18-CV-8212 (N.D. Ill. April 1, 2020) (granting a stay where an issue presented in the defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court); Conrad v. Boiron, Inc., et al., No. 13-C-7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (staying [*5] litigation where a Ninth Circuit Court of Appeals ruling might "provide some guidance regarding the present claims here").

Moreover, it is our understanding that the state of limitations issue has already been, or will soon be, fully briefed before the Illinois Appellate Court. (Dkt. No. 22 at 1-2.) Thus, we anticipate that a stay would be limited; and therefore, would unlikely prejudice a party. See Conrad, 2014 WL 2937021, at *3 (observing that a stay would "not unduly prejudice plaintiff" where it would only be in place until the Ninth Circuit issued its decision, and the Ninth Circuit case had already been fully briefed).

Plaintiff raises several arguments in opposition to the stay. First, Plaintiff points out that numerous courts have already rejected Defendants' position that the statute of limitations for BIPA should be one year instead of five years. (Dkt. No 18 at 4-5.) According to Plaintiff, the Illinois Appellate Court is unlikely to change course. (Id.) Thus, Plaintiff contends that there is little purpose in delaying this litigation pending the Illinois Appellate Court's ruling. (Id.) While it is true that several courts have rejected Defendants' position that a one-year statute of limitations applies [*6] to BIPA claims, it is possible that the Illinois Appellate Court might disagree, and that decision, rather than decisions entered by other courts, would likely control here.[1] See Nationwide Agribusiness, 810 F.3d at 450. Thus, notwithstanding the circuit court decisions cited by Plaintiff, it would be prudent to postpone further briefing until after the Illinois Appellate Court has issued its decision.

Plaintiff's related argument is that the forthcoming Tims decision will not simplify or streamline the issues in the case because it will not address certain other issues in this case. (See Dkt. No. 18 at 6-7.) This does not change our conclusion because an appeals court need not provide determinative guidance as to all issues for us to conclude that a stay is appropriate. See, e.g., Conrad, 2014 WL 2937021, at *3 (staying litigation where an appellate court ruling would not be dispositive

---

[1] At present, there is no reason for us to conclude that the Illinois Supreme Court would disagree with the Illinois Appellate Court's decision, particularly since the Illinois Appellate Court has not yet issued its opinion.

2020 U.S. Dist. LEXIS 197522, *6

but might still provide guidance as to certain issues).

Plaintiff also argues that Defendants should have filed a responsive pleading before filing the motion to stay. (Dkt. No. 18 at 3-4.) According to Plaintiffs, "[s]taying the case without a responsive pleading leaves open the potential for perpetual motions to stay." (*Id.*) We disagree. In their motion to stay, Defendants **[*7]** stated that they intend to dismiss the Complaint on statute of limitations grounds and described their rationale for doing so. (Dkt. No. 14 at 2-4.) We see little value in asking them to elaborate upon their position in a motion to dismiss, or in asking Plaintiff to respond to such a motion, when the arguments raised by the parties might change in response to the Illinois Appellate Court's anticipated decision in *Tims*. Furthermore, Defendants have only requested a stay until the Illinois Appellate Court decides *Tims* (Dkt. No. 14 at 4-5); thus, a concern about "perpetual motions to stay" is an unwarranted hypothetical.

Finally, Plaintiff argues that "[t]he risk of damage and prejudice to Plaintiff is too great" because "Defendants are in possession of a huge amount of sensitive data" that "they continue to store and potentially use...in violation of BIPA to this day." (Dkt. No. 18 at 7-8.) We are mindful of the harms associated with the retention and potential misuse of sensitive data; however, we think that a stay will cause minimal, if any, additional harm to Plaintiff in this case, given the limited nature of the stay. Moreover, the alleged harms that Plaintiff will suffer if a stay **[*8]** is granted are both vague and speculative. Plaintiff asserts that Defendants are "potentially" using sensitive data in violation of BIPA and that a stay "*could* result in Defendants' continued violation of BIPA." (Dkt No. 18 at 8) (emphasis added). When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests weighing in favor of a stay. *See, e.g., Treadwell*, Case No. 18-CV-8212. We see no reason to depart from that precedent here.

Plaintiff's concerns do not justify denying Defendants' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.* (concluding that plaintiff's concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

## CONCLUSION

For the reasons set forth above, we stay these

proceedings pending the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.). The parties are directed to file a status report as soon as the Illinois Appellate Court for the First Judicial District issues its ruling in *Tims*.

Dated: October **[*9]** 23, 2020

Chicago, Illinois

/s/ Marvin E. Aspen

Honorable Marvin E. Aspen

United States District Judge

**End of Document**

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Preston Kyles

                          Plaintiff,

v.                                         Case No.: 1:20−cv−07146

                                              Honorable John Robert Blakey

Hoosier Papa LLC, et al.

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, March 4, 2021:

       MINUTE entry before the Honorable John Robert Blakey: In light of Plaintiff's amended complaint [17], the Court denies without prejudice Defendant's motion to dismiss [12]. The Court denies Defendant's motion for leave to file a reply [19], but grants Defendant's motion to stay [14]. The Court agrees that definitive rulings from the Seventh Circuit and/or the Illinois Supreme Court likely will help streamline the issues in this case and therefore stays the case for five months or until the courts provide clarity on the points at issue, whichever comes first. Defendant shall answer or otherwise respond to the complaint either by 8/4/21 or within 28 days of a ruling in any of the cases cited in Defendant's motion, whichever comes first. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAROYA ROBERSON, *et al.*,
Individually, and on Behalf of
All Others Similarly Situated,

          **Plaintiffs**,

v.

MAESTRO CONSULTING SERVICES
LLC, Individually and d/b/a Symphony
Post Acute Network, *et al.*,

          **Defendants.**

      **Case No. 20-CV-00895-NJR**

## <u>ORDER STAYING CASE</u>

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Stay filed by Defendants (Doc. 65). As discussed in *Roberson v. Maestro Consulting Servs. LLC*, 2020 WL 7342693 (S.D. Ill. Dec. 14, 2020), Plaintiffs allege Defendants violated the Illinois Biometric Information Privacy Act (BIPA), 740 ILL. COMP. STAT. § 14/1 *et seq.* Following the Court's order, Plaintiffs filed a Second Amended Complaint (Doc. 54). Defendants then filed a Motion to Dismiss (Doc. 56) arguing, among other things, that Plaintiffs' BIPA claims are barred under the statute of limitations (Doc. 57).

Defendants contend that staying the case is appropriate because "several pending appeals will further impact the case" (Doc. 65, p. 2). In response, Plaintiffs argue that this is "just the most recent example of dilatory litigation tactics on [Defendants'] part" (Doc. 69, p. 2). Plaintiffs continue noting that "Plaintiffs should be allowed to engage in written

and deposition discovery regarding the merits of this lawsuit and the role which the Symphony Post-Acute Network's management company, Maestro Consulting Services, LLC, played in capturing and collecting Plaintiffs' biometric information" (*Id.* at p. 3). For the reasons explained below, Defendants' Motion to Stay is granted in part and denied in part, and Defendants' Motion to Dismiss is denied.

### LEGAL STANDARDS

District courts have the power to control their own dockets, including the discretion to stay proceedings. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). To determine whether a stay is necessary, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019) (citations omitted).

### ANALYSIS

Defendants first seek to stay this case pending the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park*, LLC,* because the Court will decide whether "Plaintiffs' claim for statutory damages are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act" (Doc. 65, p. 2). "Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue

differently." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citing *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997)). Not only has the Appellate Court for the First District of Illinois already ruled on this issue, but also district courts have noted "that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA." *Donets v. Vivid Seats, LLC*, 20-cv-3551, R. 27 (N.D. Ill. Dec. 12, 2020) (Valderrama, J.) (citing *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020)). In fact, "many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue." *Id.* (citing *Mintun*, 2020 WL 1700328, at *2). Thus, Defendants' Motion to Stay the proceedings pending the decision in *McDonald* is denied.

Defendants also seek to stay this case pending two Illinois Appellate Courts' decisions—*Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184—because these courts could decide whether BIPA claims are potentially subject to a one-, two-, or five-year statute of limitations. The Court agrees that these decisions could control the statute of limitations issue and guide the parties' positions in this litigation. *See Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (staying the BIPA action "until the limitations issue is resolved by the Illinois Appellate Court [because] [it] would significantly advance judicial economy because [plaintiff] failed to file his BIPA claims within the one-year limitations period"); *Donets*, 20-cv-3551, R. 27 (granting defendant's motion to stay because "[t]he *Tims* and *Marion* decisions could control the Court's resolution of the timeliness issue and guide the

parties' positions as they proceed with this litigation"). Accordingly, Defendants' Motion to Stay the proceedings pending the decisions in *Tims* and *Marion* is granted.[1]

The Court will also stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)). Specifically, the Seventh Circuit will decide when BIPA claims accrue. In other words, the Seventh Circuit will determine whether a private entity only violates BIPA when it first collects an individual's biometric information, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of 740 ILCS 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020). This issue is crucial because Defendants argue that Plaintiffs' claims are time-barred as Plaintiffs' claims accrued when they were hired by Symphony (Doc. 57). Further, the Seventh Circuit's decision could guide the parties' positions in this litigation as a "hold[ing] that a violation occurs only when the entity first collects or first discloses an individual's biometric data, [ ] may dispose of [plaintiffs'] claim if the Illinois Appellate Court were to hold that a one-year statute of limitation applies." *Donets*, 20-cv-3551, R. 27.[2]

---

[1] At least two district courts have acknowledged that the statute of limitations for BIPA claims has not been "definitively resolved." *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 729 (N.D. Ill. 2020) (accepting "for present purposes, [entity's] position that the statute of limitations for BIPA claims has not been definitively resolved and that such claims are potentially subject to a 'one-, two-, or five-year statute of limitations'"); *see also Stauffer v. Innovative Heights Fairview Heights, LLC*, 2020 WL 4815960, at *11 (S.D. Ill. Aug. 19, 2020) (noting "BIPA precedent is developing, and while many of the cases [p]laintiff cites to are state-court decisions and non-binding on this Court's decision, they are instructive for how state courts interpret this state law, particularly since the Court must apply 'the law of Illinois as [it] believe[s] the Illinois Supreme Court would apply it'") (citations omitted).

[2] Defendants concede, however, that one of the Plaintiffs' BIPA claims would survive under the one-year statute of limitations (Doc. 57, p. 27).

CONCLUSION

Having considered Plaintiffs' opposition, the Motion to Stay (Doc. 65) is **GRANTED in part and DENIED in part**. All proceedings and deadlines in this case are stayed pending resolution of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, and *In Re: White Castle System, Inc.*, No. 20-8029. The parties are **ORDERED** to file a status report within 14 days of each ruling. Defendants' Motion to Dismiss (Doc. 56) is denied without prejudice with leave to refile once the stay is lifted.

IT IS SO ORDERED.

DATED:   March 17, 2021

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Oshea Jenkins

Plaintiff,

v.                                          Case No.: 1:20–cv–03782
                                            Honorable Gary Feinerman

Regal Cinemas, Inc.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, December 1, 2020:

      MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 1/21/2021 at 9:00 a.m. For the reasons stated on the record, and with one exception, this case is stayed pending the Seventh Circuit's resolution of Cothron v. White Castle Systems, Inc., No. 20–3202 (7th Cir.). Motion to dismiss [13] is denied as moot, with leave to renew after Cothron is decided. The exception to the stay pertains to Plaintiff's request for injunctive relief on the Section 15(a) claim. Defendant contends that the request is moot because all biometric information obtained by Defendant has been destroyed, whether that information was retained or collected by Defendant or a non–party (e.g., Kronos). The parties shall confer regarding how Defendant can demonstrate to Plaintiff that this is correct. The parties shall file a status report by 1/15/2021 regarding their progress on that issue. Attorneys/Parties should appear for the 1/21/2021 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.

No *Shepard's* Signal™
As of: August 18, 2021 2:55 PM Z

## *Roberts v. Graphic Packaging Int'l*

United States District Court for the Southern District of Illinois

August 17, 2021, Decided; August 17, 2021, Filed

Case No. 21-CV-750-DWD

**Reporter**
2021 U.S. Dist. LEXIS 154541 *

JOCELYN ROBERTS, Individually and on behalf of all others similarly situated, Plaintiff. vs. GRAPHIC PACKAGING INTERNATIONAL, LLC, Defendant.

# Core Terms

statute of limitations, biometric, argues, discovery, accrual, parties, courts, proceedings, decisions, five-year

**Counsel:** [*1] For Jocelyn Roberts, Individually and on behalf of all others similarly situated, Plaintiff: Gregg M Barbakoff, William M. Sweetnam, Keogh Law, Ltd., Chicago, IL.

For Graphic Packaging International, LLC, Defendant: Jessica D. Causgrove, LEAD ATTORNEY, Andrew D. Welker, Franklin Zachary Wolf, Fisher & Phillips LLP - Chicago, Chicago, IL.

**Judges:** DAVID W. DUGAN, United States District Judge.

**Opinion by:** DAVID W. DUGAN

# Opinion

## ORDER STAYING CASE

### DUGAN, District Judge:

In this putative class action, Plaintiff alleges that Defendant Graphic Packaging International, LLC, violated the Illinois Biometric Information Privacy Act ("BIPA"), 40 ILCS § 14/1, *et. seq.* through its use of hand geometry scans ("handprints") (Doc. 1). Now before the Court is Defendant's Motion to Stay Proceedings (Doc. 10). Defendant seeks a stay of all proceedings in this matter pending decisions from the Seventh Circuit in *In Re: White Castle System, Inc.*, No.

20-8029 (*Cothron v. White Castle Sys., Inc., 467 F.Supp.3d 604 (N.D. Ill. 2020)*, and two pending Illinois Appellate Courts' decisions in *Tims v. Black Horse Carriers, In*c., No. 1-20-0562, and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184. Defendant argues that the issues addressed in these appeals are fundamental to this case and may supply guidance on the accrual of claims under BIPA which could result in dismissal of Plaintiff's [*2] claims, or otherwise impact the scope of any putative class in this case (Doc. 10, pp. 1-2).

In *White Castle*, the Seventh Circuit has been asked to decide when BIPA claims accrue, and to specifically determine whether a private entity violates BIPA when it first collects or discloses an individual's biometric information or identifiers, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of Sections 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020). In *Tims* and *Marion*, the Illinois appellate courts could decide whether BIPA claims are potentially subject to a one-, two-, or five-year statute of limitations period. *See Johns v. Paycor, Inc., 2021 WL 2627974, at *5-6 (S.D. Ill. May 11, 2021)*; *Roberson v. Maestro Consulting Servs. LLC, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021)*.

Plaintiff opposes the motion to stay, arguing that a stay would greatly prejudice Plaintiff's ability to conduct discovery (Doc. 14). Plaintiff asserts that he intends to conduct discovery from the third-party manufacturer of Defendant's biometric data and is concerned that a stay would increase the risk of spoliation of evidence because third parties generally have no duty to preserve evidence. Plaintiff also contends that discovery in general would become more difficult should a stay issue because class members would become more difficult to locate, witness memories [*3] could fade, and documents and evidence could be lost. Finally, Plaintiff argues that the Court is capable of resolving Defendant's statute of limitations arguments without

2021 U.S. Dist. LEXIS 154541, *3

guidance from the Illinois appellate courts, and that none of the issues currently before the Court implicate the accrual date of Plaintiff's claims so the Seventh Circuit's decision in *White Castle* will not assist the Court in this matter.

## Legal Standard

"District Courts have the power to control their own dockets, including the discretion to stay proceedings." *Roberson, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021)* (Citing *Munson v. Butler, 776 F. App'x 339, 342 (7th Cir. 2019)* (District courts have "inherent power to exercise [ ] discretion to stay proceedings to avoid unnecessary litigation of the same issues."). The Court is vested with "broad discretion" to decide whether a stay is justified. *Clinton v. Jones, 520 U.S. 681, 706 (1997)*. When deciding whether to grant a stay, a court should "balance the competing interests of the parties and the interest of the judicial system" by considering the following three factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage **[*4]** the non-moving party." *Berkeley*IEOR v. Teradata Operations, Inc., 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019)* (citing *In re Groupon Derivative Litig., 882 F.Supp.2d 1043, 1045 (N.D. Ill. 2012)*).

## Discussion

In his Complaint, Plaintiff alleges that he is a former employee of a janitorial service company staffed by his employer at Defendant's Centralia, Illinois facility (Doc. 1, ¶ 9). Plaintiff alleges that he was required to "clock" in and out of each shift at defendant's facility by "scanning his handprint into Defendant's biometric timekeeping system." (*Id.*). Plaintiff argues that his biometric data was wrongfully obtained, stored, and used in violation of BIPA (Doc. 1, ¶ 13). Plaintiff's work at Defendant's Centralia facility ended in July 2016 (Doc. 1, ¶ 28). Plaintiff filed his Complaint on June 29, 2021 (Doc. 1). Defendant filed a Motion to Dismiss on July 21, 2021 (Doc. 8). In this motion, Defendant argues that Plaintiff's BIPA claims should be dismissed because they are barred by either a one-year or two-year statute of limitations (Doc. 9).

As noted above, Defendant seeks a stay in this matter pending the outcome of two Illinois appellate court decisions and the Seventh Circuit's decision in *White Castle*. In both *Tims* and *Marion*, the pertinent issue presented is whether BIPA claims are subject to the one-, two- or five-year statutes **[*5]** of limitations. In *White Castle*, the Seventh Circuit has been asked to decide when BIPA claims accrue, and to specifically determine whether a private entity violates BIPA when it first collects or discloses an individual's biometric information or identifiers, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of Sections 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).

Plaintiff argues that the date of his claims' accrual is not an issue before this Court, and therefore a decision in *White Castle* would not assist the Court in streamlining or narrowing any issues here (Doc. 14). In support, Plaintiff states that Defendant is only seeking to dismiss his claims based on a one- or two-year statute of limitations period (Doc. 9) but has otherwise waived any arguments concerning the timeliness of Plaintiff's claims under a five-year statute of limitations (Doc. 9). Thus, Plaintiff argues that because Plaintiff's last day at Defendant's facility was less than five years before the commencement of this action (Doc. 1, ¶¶ 27-28), then presumably his BIPA claims are timely under a five-year statute of limitations without further consideration of the appropriate accrual date for his claims. **[*6]**

However, the Court is not persuaded that a determination of the accrual date for claims under BIPA by the Seventh Circuit is irrelevant here. While Plaintiff is correct that a determination on whether a one-, two-, or five-year limitations period will guide the parties here, the Court finds that the accrual date is also relevant. Specifically, should the Seventh Circuit determine in *White Castle* that BIPA claims only accrue once - and on the date of the first alleged BIPA violation, opposed to the final alleged violation - this could play a significant part in determining the rights of the parties and guide the litigation here. Plaintiff also concedes that *White Castle* may impact the size of the proposed class and their potential damages (Doc. 14, p. 10), which is a worthwhile consideration in favor of a stay here.

Similarly, the Court finds that the decisions in *Tims* and *Marion* may also advance judicial economy because both cases will address the currently unsettled question of which statute of limitations period applies to BIPA claims. As the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois appellate courts **[*7]**

may be binding here. *See Hall v. Meridian Senior Living, LLC, 2021 WL 2661521, at *2 (S.D. Ill. June 29, 2021)*; *Roberson v. Maestro Consulting Servs. LLC, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021)*; *Varnado v. W. Liberty Goods, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021)*. Accordingly, it appears that that issue, once decided, may serve to control the statute of limitations applicable here. Therefore, the Court finds that a stay pending the outcome of *White Castle, Tims* and *Marion* would simplify the issues and reduce the burden of litigation here.

However, the Court must also examine Plaintiff's arguments of prejudice. This matter is in its early stages, and as such, Plaintiff argues he will suffer significant prejudice should he be unable to commence discovery while a stay is in place. Specifically, Plaintiff contends that he would be prohibited from seeking discovery from Defendant's manufacturer and be unable to locate prospective class members because of this delay. Plaintiff relies on unsubstantiated allegations to argue that Defendant's manufacturer might lose information or employees, or file for bankruptcy (Doc. 14, p. 4).

The Court finds that any prejudice to Plaintiff is not undue and that a stay is appropriate. In so finding, the Court notes that this stay will be of limited duration. The *Tims* and *Marion* cases are fully briefed, and *White Castle* is set for oral argument on September 14, 2021. *See Fleury v. Union Pac. R.R. Co., 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021)*; *Cothron v. White Castle*, Case No. 20-3202, Dkt. 58 (7th Cir. June 21, 2021). Further, Plaintiff's **[*8]** claims of discovery delays and his ability to locate prospective class members because of this delay, while possible, is speculative at best. In short, weighing all the relevant facts, the Court joins with the well-reasoned decisions by other district courts in this Circuit[1], and finds that a stay is appropriate. Should circumstance change significantly such that a recognizable prejudice befalls Plaintiff during the stay of this matter, the Plaintiffs are free to seek this Court's consideration. However, it remains under the present circumstances that notions of judicial economy weigh in favor of a stay of this matter.

## Conclusion

Defendant's Motion to Stay (Doc. 10) is **GRANTED**. All proceedings and deadlines in this matter are **STAYED** pending the resolution of *Cothron v. White Castle System, Inc.* No. 20-3202, *Tims v Black Horse Carriers*, Case No. 1-20-0562, *Marion v. Ring Container Techs, LLC*, No. 3-20-0184. The parties are **ORDERED** to file a status report within 14 days of each decision. Defendant's Motion to Dismiss (Doc. 8) is **DENIED without prejudice**, and with leave to refile once this stay is lifted.

**SO ORDERED**.

Dated: August 17, 2021

/s/ David W. Dugan

DAVID W. **[*9]**  DUGAN

United States District Judge

---

---

[1] Several district courts, including this district court, have stayed proceedings pending decisions in *Tims, Marion* and *Cothron. See Hall v. Meridian Senior Living, LLC, 2021 WL 2661521, at *2 (S.D. Ill. June 29, 2021)*; *Fleury v. Union Pac. R.R. Co., 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021)*; *Johns v. Paycor, Inc., 2021 WL 2627974, at *2 (S.D. Ill. May 11, 2021)*; *Roberson v. Maestro Consulting Servs. LLC, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021)*; *Varnado v. W. Liberty Goods, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021)*.

# EXHIBIT E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| LUVIA MADRIGAL, on behalf of herself and similarly situated laborers, known and unknown, | ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No.: 2019 CH 08939 |
| v. | ) ) ) | Judge David Atkins Calendar 16 |
| RAYMUNDOS FOOD GROUP, LLC, | ) ) | |
| *Defendant.* | ) ) | |

## <u>ORDER</u>

This matter, coming before the Court on Defendant Raymundos Food Group, LLC's Motion to Continue to Stay Proceedings and Plaintiff's Motion to Lift the Stay, due notice having been given and the Court being fully advised, IT IS HEREBY ORDERED:

1. Defendant's Motion to Continue to Stay Proceedings is GRANTED.

2. Plaintiff's Motion to Lift the Stay is DENIED.

3. This matter is stayed in its entirety pending decisions by the Illinois Supreme Court in *Cothron v. White Castle Sys.* and *Tims v. Black Horse Carriers, Inc.*

4. It is further ordered that the Defendant shall inform this Court, of any decision by the Illinois Supreme Court in any of the above-referenced cases within 14 days after issuance of the decision.

5. All current deadlines and hearing dates are hereby stricken.

6. This matter is set for status on **June 29, 2022 at 10:30 a.m.** via Zoom:
   Meeting ID: 925 5932 0340, passcode: 209408

JUDGE DAVID B. ATKINS

MAR 10 2022

Circuit Court-1879

**Prepared by:**
Jody Kahn Mason
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Jody.Mason@jacksonlewis.com
Quinn.Donnelly@jacksonlewis.com
Firm #39408
4895-3953-5380, v. 1

ENTERED:_____

Judge David Atkins

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Monday, February 28, 2022 1:08 PM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 2:21-cv-02071-CSB-EIL Bloxom v. Herff Jones LLC Order |

**[Caution: Email received from external source]**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 2/28/2022 at 1:07 PM CST and filed on 2/28/2022

**Case Name:**      Bloxom v. Herff Jones LLC
**Case Number:**   2:21-cv-02071-CSB-EIL
**Filer:**
**WARNING: CASE CLOSED on 04/27/2021**
**Document Number:** No document attached

**Docket Text:**
**TEXT ORDER Entered by Magistrate Judge Eric I. Long on 2/28/22. The Court has reviewed the parties Joint Status Report [10] and the arguments presented therein. The Court grants Defendants request to continue the stay in this case pending the conclusion of the interlocutory appeals in Cothron v. White Castle Sys., Inc., Watson v. Legacy Healthcare Fin. Servs., LLC, and Tims v. Black Horse Carriers, Inc. The Court finds that denying the stay would cause Defendant undue prejudice due to the time and expense it will incur in litigating Plaintiffs claims, which many prove unnecessary in light of the current appeals. See Treadwell v. Power Solutions Intl, Inc., N.D. Ill. 18-8212, #120, April 1, 2020. This case remains stayed until further order. The Court directs the parties to provide a status report within 14 days of the rulings on the appeals in the referenced cases. (SKR)**

**2:21-cv-02071-CSB-EIL Notice has been electronically mailed to:**

Anne E Larson     anne.larson@ogletreedeakins.com, CHIDocketing@ogletree.com,

josh.vanblaracum@ogletree.com

Carl Vincent Malmstrom    malmstrom@whafh.com

Jennifer L Colvin    jennifer.colvin@odnss.com, CHIDocketing@ogletree.com,
CHIDocketing@ogletreedeakins.com, Christine.Delia@ogletreedeakins.com

Philip L Fraietta    pfraietta@bursor.com, ecf-notices@bursor.com

**2:21-cv-02071-CSB-EIL Notice has been delivered by other means to:**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

GIANNI BARTUCCI and       )
JOHN ATWOOD, individually and on  )
behalf of all similarly situated     )
individuals,                   )
                         )
          Plaintiffs,    )   **Case No.:  2020CH05621**
                         )
    v.                 )   **Hon. Thaddeus L. Wilson**
                         )
DHG MANAGEMENT COMPANY,   )   **Calendar 1**
LLC a New York Limited Liability   )
Company operating as         )
DENIHAN HOSPITALITY GROUP,   )
                         )
         Defendant.   )

## ORDER

    This matter, coming before the Court on Defendant's Motion to Continue to Stay Proceedings and Plaintiffs' Motion to Lift Stay, due notice having been given and the Court being fully advised, IT IS HEREBY ORDERED:

1. Defendant's Motion to Continue to Stay All Proceedings is GRANTED.
2. Plaintiffs' Motion to Lift Stay is DENIED.
3. This matter is stayed in its entirety pending decisions by the Illinois Supreme Court on (i) the certified questions presented in *Cothron v. White Castle Sys.,* Case No. 128004 and (ii) the Petition for Leave to Appeal Pursuant to Supreme Court Rule 315(a) filed in *Tims v. Black Horse Carriers, Inc.,* Case No. 127801.
4. A **case management conference** is set for **July 12, 2022 at 11:00 a.m.**
   https://circuitcourtofcookcounty.zoom.us/j/87687298501
   Meeting ID: 876 8729 8501 –
   Passcode: 926987
5. All current deadlines and hearing dates are hereby stricken.

**Prepared by:**
Nadine C. Abrahams
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Ave. Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
 Nadine.Abrahams@jacksonlewis.com
Quinn.Donnelly@jacksonlewis.com
Firm ID #39408

ENTERED:_____   1976
               Judge Thaddeus L. Wilson

**ENTERED**
**Judge Thaddeus L. Wilson – 1976**
**February 15, 2022**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALFREDO FUENTES, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FOCAL POINT EXPORTS, LTD., and FOCAL POINT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 2019-CH-03890 |

### AGREED ORDER

This matter coming to be heard on Plaintiff's Motion to Lift Stay in light of the

Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, Case No.

2022 IL 126511, due notice given, and the Court being fully advised, it is so ordered:

1. At hearing, Defendants indicated their intent to seek a further stay of this case pending the Illinois Supreme Court's decisions in *Tims v. Black Horse Carriers, Inc.*, Case No. 127801 and *Cothron v. White Castle System, Inc.*, Case No. 128004;

2. The parties have met and conferred, and although Plaintiff noted his objection to a further stay of this case in open court, this case is stayed pending the Illinois Supreme Court's decisions in *Tims* and *Cothron*;

3. The status set for February 22, 2022 at 8:45am is STRICKEN and RESET to **April 26, 2022 at 9:00 am**;

Judge Celia G. Gamrath

FEB 09 2022

Circuit Court - 2031

ENTERED:

Hon. Judge Celia Gamrath
Circuit Court of Cook County, Illinois
County Department, Chancery Division

Prepared by:
Stephan Zouras, LLP
150 N Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550
Firm No. 43734

1

Counsel for Plaintiff



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

NAFISA FOUTS, individually and on )
behalf of similarly situated individuals, )
           ) No. 2019-CH-14680
      *Plaintiff,* )
           )
         v. ) Hon. Anna M. Loftus
           )
ZARA USA, INC., a New York )
corporation, )
           )
      *Defendant.* )

## ORDER

This matter having come before the Court for status on stay, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.    Defendant's Motion to Dismiss Pursuant to 735 ILCS 5/2-619 is further continued pending the Illinois Supreme Court's resolution of the questions certified by the U.S. Court of Appeals for the Seventh Circuit in *Cothron v. White Castle System, Inc.*, 20 F.4th 1156;

2.    This matter is set for status on the Illinois Supreme Court's resolution of the *Cothron* certified questions on April 21, 2022 at 10:00 a.m. via Zoom videoconferencing (Zoom ID: 955 3557 3920); and

3.    To the extent Plaintiff believes lifting the stay is warranted, Plaintiff may file a motion to lift the stay in advance of the next status hearing.

ENTERED:

*Judge Anna M. Loftus*
*JAN 14 2022*
*Circuit Court- 2102*

/s/ *Anna M. Loftus*
Judge Anna M. Loftus, No. 2102

Prepared by:
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
tkingsbury@mcgpc.com
*Counsel for Plaintiff*

David M. Poell
SHEPPARD MULLIN RICHTER & HAMPTON LLP
(#49795)
70 W. Madison St., 48th Fl.
Chicago, IL 60602
Tel.: (312) 499-6300
dpoell@sheppardmullin.com
*Counsel for Defendant*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LEON BROWN and JOSEPH CUTTRELL,  )
on behalf of themselves and all other persons  )
similarly  situated, known and unknown,  )
                                                      )      Case No. 2019CH02030
                    Plaintiffs,  )
                                                      )
      v.                                          )
                                                        )
CREATIVE WERKS LLC,  )
                                                        )
                  Defendant.  )

### AGREED ORDER ON CONTINUANCE OF STAY

This matter, having come before the Court for a Status on February 15, 2022 at 10:00

a.m.  with the Court being fully advised, it is hereby Ordered that:

This matter remains  stayed for an additional 90 days.

The matter is continued for a status hearing on May 17, 2022 at 10:00 a.m.

*Allen Price Walker*
*Associate Judge*

ENTERED:

Dated: _____  Feb. 15, 2022

_____
Circuit Court - 2071
_____
Hon. Judge Allen P. Walker

*Prepared by*:
Becky L. Kalas (bkalas@fordharrison.com.com)
**FORDHARRISON LLP (Firm No. 43346)**
180 N. Stetson Ave., Suite 1660
Chicago, Illinois 60601
(312) 960-6115

Attorney for Defendant

ACTION ORDER

2021L000195-167

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

ESTEFANIA SANCHEZ

Plaintiff

-VS-

WISE PLASTICS
TECHNOLOGIES INC

Defendant

2021L000195
CASE NUMBER

**FILED**

**22 Feb 15    PM 12: 46**

*Candice Adams*

**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

**AGREED**

**ACTION ORDER**

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is continued to 04/20/2022 in 2020 at 09:00 AM for STATUS.
Description: on the stay

(1) This case continues to be stayed over Plaintiff's objection pending resolution of the appeals in Tims and Cothron

Submitted by: MICHAEL ROMAN
Attorney Firm: LEWIS BRISBOIS BISGAARD & SMITH
DuPage Attorney Number: 23843 ☐ PRO SE
Attorney for: WISE PLASTICS TECHNOLOGIES INC
550 W ADAMS STREET, SUITE 300
CHICAGO, IL, 60661
312-463-3371
Email: frank.brennan@lewisbrisbois.com

File Date: 02/15/2022

JUDGE DAVID E SCHWARTZ
Validation ID : DP-02152022-1241-52248

Date: 02/15/2022

ACTION ORDER                                                                 2020L001024-183

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

ELTON EVANS

          Plaintiff

-VS-

POWER SOLUTIONS
INTERNATIONAL INC

          Defendant

2020L001024
CASE NUMBER

# FILED

**22 Feb 08    AM 08: 04**

*Candice Adams*

**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

## ACTION ORDER

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is continued to 05/09/2022 in 2016 at 09:00 AM for STATUS.

The stay entered on 11/08/2021, is continued to 5/09/2022, pending rulings by the Illinois Supreme Court in *Tims v. Black Horse Carriers, Inc.*, No. 127801 and *Cothron v. White Castle Systems, Inc.*, No. 128004.

Submitted by: TODD M FRIEDMAN PC LAW OFFICES OF
DuPage Attorney Number: 343850          ☐ PRO SE
Attorney for:
111 WEST JACKSON BLVD, SUITE 1700
CHICAGO, IL, 60604
224-218-0882
Email: dlevin@toddflaw.com

File Date: 02/08/2022

_____

JUDGE DAVID E SCHWARTZ
Validation ID: DP-02082022-0804-59797

Date: 02/08/2022

# EXHIBIT F

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

BRANDON WATSON, individually and on behalf of
all others similarly situated,

         Plaintiff,

v.

LEGACY HEALTHCARE FINANCIAL SERVICES, LLC
d/b/a LEGACY HEALTHCARE; LINCOLN PARK
SKILLED NURSING FACILITY, LLC d/b/a WARREN
BARR LINCOLN PARK a/k/a THE GROVE AT
LINCOLN PARK; and SOUTH LOOP SKILLED
NURSING FACILITY, LLC d/b/a WARREN BARR
SOUTH LOOP,

         Defendants.

Case No. 2019-CH-03425

Calendar 11

## **AGREED ORDER**

THIS MATTER COMING TO BE HEARD on agreement of the parties, due notice having
been given and the Court being duly advised in the premises: IT IS HEREBY ORDERED THAT:

1.     In light of Defendants' Petition for Leave to Appeal (No. 128088) currently pending
before the Illinois Supreme Court, the stay of proceedings entered on February 23, 2021
remains in effect.

2.     This matter is continued to July 13, 2022 at 10:15AM for a hearing on status.

DATED:

_____

ENTERED:

Judge Pamela McLean Meyerson

Judge Pamela McLean Meyerson  FEB 0 2 2022

Circuit Court – 2097

*Order prepared and agreed to by:*

/s/Alexis D. Martin
Alejandro Caffarelli
Alexis D. Martin
**Caffarelli & Associates Ltd.**
224 S. Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*
Firm ID 58616
*Attorneys for Plaintiff*

/s/ Anne E. Larson
Anne E. Larson
Harry Secaras
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel. (312) 558-1220
*anne.larson@ogletree.com*
*harry.secaras@ogletree.com*
Firm No. 37976
*Attorneys for Defendants*

# EXHIBIT G



# ILLINOIS APPELLATE COURT
# SECOND DISTRICT

**55 SYMPHONY WAY**
**ELGIN, IL 60120**
**(847) 695-3750**

September 14, 2021

William F. Northrip
Shook, Hardy & Bacon LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606

RE:  Balaz, Pavel v. Wayfair LLC
     Appeal No.: 2-21-0419
     County: DuPage County
     Trial Court No.: 20CH388

The court has this day, September 14, 2021, entered the following order in the above entitled
case:

Appellant's motion for leave to file a reply in support of its motion to stay underlying
proceedings is granted.

Appellant's motion to stay the underlying proceedings pending resolution of this appeal, No. 2-
21-0419, is granted.  Appeal No. 2-21-0419 is stayed pending the Illinois Supreme Court's
decision in McDonald v. Symphony Bronzeville Park, LLC, Case No. 126511.  The parties are
ordered to provide individual status reports within 35 days from the issuance of the McDonald
decision.

*Jeffrey H Kaplan*

Jeffrey H. Kaplan
Clerk of the Court

cc:  David Jonathon Fish
     DuPage County Circuit Court
     Justin Robert Donoho
     Mara Ann Baltabols

# EXHIBIT H



**STATE OF ILLINOIS**

**THIRD DISTRICT APPELLATE COURT**

**Matthew G. Butler**
Clerk of the Court
815-434-5050

1004 Columbus Street
Ottawa, Illinois 61350
TDD 815-434-5068

March 19, 2021

Mara Ann Baltabols
The Fish Law Firm, PC
200 E. Fifth Ave., Suite 123
Naperville, IL 60563

RE:  Marion, Scott v. Ring Container Technologies, LLC
     General No.: 3-20-0184
     County: Kankakee County
     Trial Court No: 19L89

The Court has this day, March 19, 2021, entered the following order in the above entitled case:

Appellee's Motion to Continue Oral Arguments is ALLOWED. Response noted, is DENIED.
Accordingly, Appeal No. 3-20-0184 is STAYED pending the Illinois Supreme Court's Decision
in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 126511.
The parties are ordered to provide individual status reports within 35 days from the issuance of
the *McDonald* decision.

Matthew G. Butler
Clerk of the Appellate Court

c:   David Jonathon Fish
     Erika Anne Dirk
     Kali R. Backer
     Matthew Charles Wolfe
     Melissa A. Siebert

# EXHIBIT I



# ILLINOIS APPELLATE COURT
# SECOND DISTRICT

**55 SYMPHONY WAY**
**ELGIN, IL 60120**
**(847) 695-3750**

December 1, 2021

David Jonathon Fish
Fish Potter Bolanos, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563

RE:  Soltysik, Robert, et al. v. Parsec, Inc.
     Appeal No.: 2-20-0563
     County: DuPage County
     Trial Court No.: 19L136

The court has this day, December 01, 2021, entered the following order in the above entitled case:

On the court's own motion, this appeal is stayed pending the supreme court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511.

Jeffrey H. Kaplan
Clerk of the Court

cc:  Jason Andrew Selvey
     Jody Kahn Mason
     Julia Sarah Wolf
     Mara Ann Baltabols

# EXHIBIT J

# STATE OF ILLINOIS

## THIRD DISTRICT APPELLATE COURT



**Matthew G. Butler**
Clerk of the Court
815-434-5050

1004 Columbus Street
Ottawa, Illinois 61350
AC3@IllinoisCourts.gov

March 3, 2022

Matthew Charles Wolfe
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606

RE:   Marion, Scott v. Ring Container Technologies, LLC
       General No.: 3-20-0184
       County: Kankakee County
       Trial Court No: 19L89

The Court has this day, March 03, 2022, entered the following order in the above entitled case:

Appellant's Motion to Lift Stay and Expedite Decision is DENIED.

On the Court's Own Motion, the Stay entered by this Court on March 19, 2021, is VACATED.

On the Court's Own Motion, Appeal No. 3-20-0184 is STAYED pending the Illinois Supreme Court's decision in *Tims et al. v. Black Horse Carriers, Inc.,* Case No. 127801. The parties are ordered to provide individual status reports within 35 days from the issuance of the *Tims* decision.

*[signature]*

Matthew G. Butler
Clerk of the Appellate Court

c:    David Jonathon Fish
      Mara Ann Baltabols
      Melissa A. Siebert

# EXHIBIT K



# ILLINOIS APPELLATE COURT
# SECOND DISTRICT

**55 SYMPHONY WAY**
**ELGIN, IL 60120**
**(847) 695-3750**

March 14, 2022

William F. Northrip
Shook, Hardy & Bacon LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606

RE:   Balaz, Pavel v. Wayfair LLC
      Appeal No.: 2-21-0419
      County: DuPage County
      Trial Court No.: 20CH388

The court has this day, March 14, 2022, entered the following order in the above entitled case:

On the Court's Own Motion, Appeal No. 2-21-0419 is STAYED pending the Illinois Supreme Court's decision in *Tims et al. v. Black Horse Carriers, Inc.,* Case No. 127801, and until it answers the question of law certified to it by the United States Court of Appeals for the Seventh Circuit in *Cothron v. White Castle System, Inc.*, No. 20-3202.  The parties are ordered to provide individual status reports within 35 days from the issuance of the second of the supreme court's two opinions in *Tims* and *Cothron*.

*Jeffrey H Kaplan*

Jeffrey H. Kaplan
Clerk of the Court

cc:   David Jonathon Fish
      Justin Robert Donoho
      Mara Ann Baltabols