UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO SOLIS, individually and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GSF USA, INC., <br><br> Defendant. | Case No.: 22-cv-1096 <br><br> Honorable Judge Charles P. Kocoras |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Defendant moves to stay this case pending appeals to the Illinois Supreme Court in *Tims v. Black Horse Carriers, Inc.*, No. 127801 (Ill. Jan. 26, 2022) and *Cothron v. White Castle Sys.*, No. 128004 (Ill. Dec. 23, 2021). The Court should deny the motion. Defendant's brief fails to persuade that the outcome of either appeal will change the law that governs liability questions and class certification issues presented by Plaintiff's lawsuit.

**1. Background**

Plaintiff generally does not disagree with Defendant's statement of the case. Defendant allegedly collected and stored Plaintiff's fingerprint without first obtaining his written consent in violation of 15(b) the Illinois Biometrics Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"). Def.'s Mot. ¶ 3-4. Defendant also allegedly failed to promulgate a written retention and destruction policy of Plaintiff's biometric data in violation of 15(a), and failed to secure Plaintiff's

1

biometric data in a sufficiently secure manner in violation of 15(e). *Id*. These alleged BIPA violations occurred for the first time less than five years ago, in 2018. *Id*. ¶ 16. Plaintiff alleges claims on behalf of a class of similarly situated individuals. *Id*. ¶ 1.

### 2. This case should not be stayed pending the appeal of *Tims v. Black Horse Carriers, Inc.*

In *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, ¶ 33, *appeal allowed*, No. 127801, 2022 WL 808656 (Ill. Jan. 26, 2022), the First Appellate District of Illinois found that a five year statute of limitations governed claims brought under Section 15(a), (b), and (e) of the BIPA. The *Tims* court reasoned that because the BIPA does not explicitly state a statute of limitations period, and because subparts (a), (b), and (e) of the Act do not involve the "publication or dissemination" of a claimant's biometrics to a third-party, Illinois' catch-all five year statute of limitations applies to violations of those subparts. *Id*. at ¶¶ 29-33.

The holding in *Tims* was consistent with overwhelming precedent. Virtually every court to look at the statute of limitations question prior to *Tims* also came to the same conclusion: that a five year period applies to 15(a), (b), and (e) claims. In

2

fact, this same conclusion has been reached by nearly twenty different judges in the State of Illinois.[1]

In light of the persuasiveness of *Tims* and the considerable precedent that preceded it, courts in this District have been unwilling to stay BIPA cases while the *Tims* appellant tries its luck with the Illinois Supreme Court. *See Boyd v. Lazer Spot, Inc.*, No. 19-CV-8173, 2022 WL 557293, at *1 (N.D. Ill. Feb. 23, 2022) (calling *Tims* "well reasoned" and denying a stay pending the outcome of its appeal); *Horn v. Method Products, PBC*, No. 21-CV-5621, 2022 WL 1090887, at *5 (N.D. Ill. Apr. 12, 2022) (same); *Martinez v. Ralph Lauren Corp., Inc.*, No. 21-CV-01181, 2022 WL 900019, at *8 (N.D. Ill. Mar. 27, 2022) (noting the "persuasive reasoning" in *Tims* and denying a stay pending the outcome of its

---

[1] *See Bryant v. Compass Group USA, Inc.*, No. 19 C 6622, 2020 WL 7013963, at *1 (N.D. Ill. Nov. 29, 2020); *Burlinski v. Top Golf USA Inc. et al.*, No. 19-cv-06700, 2020 WL 5253150, at *8 (N.D. Ill. Sept. 3, 2020); *Meegan v. NFI Industries, Inc.*, No. 20 C 465, 2020 WL 30000281, at *4 (N.D. Ill. June 4, 2020); *Mazya v. Northwestern*, 18 CH 07161, at 4 (Cir. Ct. Cook Cty., Nov. 2, 2020); Hunter v. J.S.T. Corp., 19 CH 929 (Cir. Ct. Lake Cty., June 24, 2020); *Owens v. Wendy's International, LLC*, 18 CH 11423, pp. 4-6 (Cir. Ct. Cook Cty, June 8, 2020); *Young v. Tri City Foods*, 18 CH 13114, at 1 (Cir. Ct. Cook Cty., June 8, 2020); *Wells v. Relish Labs*, 19 CH 00987 (June 8, 2020); *Smith v. Top Die*, 2019 L 248 (Winnebago Cty, March 12, 2020) (Rule 308 motion denied); *Marion v. Ring Container Techs. LLC*, 19 L 89, at 2 (Cir. Ct. Kankakee Cty. Jan. 24, 2020) (appeal pending); *Figueroa v. Tony's Finer Foods*, 18 CH 15728, at 3-5 (Cir. Ct. Cook Cty., Dec. 10, 2019); *Slater v. H&M*, 2018 CH 16030, at 52 (Cir. Ct. Cook Cty., Nov. 21, 2019); *Woodard v. Dylan's Candybar LLC*, 19 CH 05158, at 10-14 (Cir. Ct. Cook Cty. Nov. 20, 2019); *Cortez v. Headly Mfg. Co.*, 19 CH 4935, at 2-7 (Cir. Ct. Cook Cty. Nov. 20, 2019); *Carrasco v. Freudenberg Household Prods. LLP*, 19 L 279, at 2 (Cir. Ct. Kane Cty. Nov. 15, 2019); *Troop v. Parco, Ltd.*, 19-L-81 (Peoria Cty.); *Roach v. Wal-Mart*, 2019 CH 1107, at 4 (Cir. Ct. Cook Cty. Oct. 25, 2019); *Soltysik v. Parsec, Inc.*, 19 L 136, at 34-36 (Cir. Ct. DuPage Cty. Oct. 17, 2019); *Tims v. Black Horse Carriers, Inc.*, No. 2019 CH 03522, at 2-3 (Cir. Ct. Cook Cty. Sep. 23, 2019) (appeal pending;); *Chavez v. Temperature Equip. Corp*, No. 2019 CH 2538, at 6-10 (Cir. Ct. Cook Cty., Ill. Sep. 11, 2019).

appeal); *Woods v. FleetPride, Inc.*, No. 21-CV-01093, 2022 WL 900163, at *6 (N.D. Ill. Mar. 27, 2022) (same).

Like the defendants in *Woods*, *Martinez*, *Horn*, and *Boyd*, the Defendant in this case fails to "identif[y] persuasive indications that the Illinois Supreme Court will decide the limitations and accrual issues differently than the lower courts' decisions." *Horn* at *5. Indeed, Defendant's brief does not identify a single weakness in the *Tims* decision that might subject it to reversal—nor does it cite any court opinion holding that the statute of limitations of 15(a), (b), and (e) claims is anything less that five years. Instead, Defendant merely argues that because the Illinois Supreme Court accepted the *Tims* appeal, "presumably [] the Court has something to say regarding the statute of limitations issue." Def.'s Mot. ¶ 7.

While Defendant would like to imply that the Illinois Supreme Court is thinking about overruling *Tims*, the far more likely interpretation is that the state's high court seeks to avoid further appeals of the same question. For instance, four months after *Tims* was appealed, so was the decision in *Marion v. Ring Container Techs., LLC*, 19-L-89 (Cir. Ct. Kankakee Cty. Jan. 24, 2020), where appellants asked yet another Illinois appeals court to undo a trial court's finding that a five year statute of limitations period applies to the BIPA. *See Marion v. Ring Container Techs., LLC*, No. 3-20-0184 (Ill. App. Ct. July 21, 2020).

4

Under the foregoing circumstances, Defendant's motion to stay this case pending *Tims* is not reasonable. Defendant does not explain why the body of law and logic that support the decision in *Tims* is flawed, nor why the appellant's appeal to the Supreme Court is likely to succeed. In the absence of these arguments, Defendant cannot convincingly claim that moving forward with Plaintiff's case is an undue burden or otherwise unreasonable.

### 3. This case should not be stayed pending a decision in *Cothron v. White Castle System, Inc.*

Defendant also requests a stay pending an appeal from the decision in *Cothron v. White Castle Sys.*, 467 F. Supp. 3d 604 (N.D. Ill. 2020), *petition for interlocutory appeal granted*, 20 F.4th 1156 (7th Cir. 2021), *certified question accepted*, No. 128004 (Ill. Dec. 23, 2021). The *Cothron* appeal concerns whether a BIPA claim accrues the *first* time, or *each* time, an entity scans collects biometric information.[2] *Id.* While the decision in *Cothron* might have a marginal effect on class composition and damages in this case, its outcome ultimately does not govern the liability of Plaintiff's claim or the minimum measure of damages he is owed under the BIPA. Nor does it affect those class members who are similarly situated to him.

---

[2] *Cothron* relates exclusively to Plaintiff's BIPA claims under 15(b), and not his claims under 15(a) and (e). Def.'s Mot. ¶ 7.

5

*Cothron's* accrual question potentially reaches two issues in this case: (i) the class size; and (ii) the amount of damages each class member can claim. First, as to class size, there are some individuals who, unlike the Plaintiff, had their fingerprint *last* scanned by Defendant within five years of the complaint. If *Cothron* is decided for the appellant, these individuals will likely not have claims under the BIPA in this case. But surely the vast majority of class members, like the Plaintiff, were fingerprinted for the *first* time in the last five years—and so *Cothron's* outcome does not have an impact on liability in their cases.

The second issue raised by *Cothron* relates to the damages due each class member. Specifically, whether they are owed damages for only the first scan of their fingerprint, or for every scan. Whatever the answer to this question, the damages phase of a class action is one of the final steps in the case. All the liability questions relating to Plaintiff's claims must be decided first, and the class certified, before the Court is tasked with affixing damages. The determination of liability and class questions, by the simple nature of litigation, will take some months— perhaps as long as the *Cothron* appeal takes to resolve. Additionally, the Plaintiff is happy to amend his class definition, or curtail the scope of discovery, so that this

case only encompasses claims invulnerable to *Cothron's* decision. These alternatives to a stay would negate the burden that Defendant argues in its brief.[3]

In sum, the pending decision in *Cothron* is not a silver bullet to Plaintiff's and the majority of class members' claims. The best and most reasonable course is to move forward. *See Martinez* at *8 (finding that the pendency of the appeal in *Cothron* not reason enough to "delay discovery in its entirety" and that it is best to move forward "on the merits of [plaintiff's] individual claim and on the propriety of class certification now, and thus be in an advanced position to consider the impact of *Cothron* when it is decided.").

### 4. Conclusion

BIPA litigation has been common in recent years and one can bet on any variety of appeals being filed in the near future. But in the absence of serious doubt on the meaning of the law and its application to a given case, a court should not indulge the preference of a reluctant litigant to resolve facts later, or not at all. For the reasons argued herein, Defendant's motion to stay this case should be denied.

/
/

---

[3] Though any such burden is likely minimal. Defendant's brief only alleges that it will be burdensome to "collect data," Def.'s Mot. 14, yet regardless of which way *Cothron* comes down, discovery on this issue will be limited to the ministerial task of determining from computerized employment records when each class member was fingerprinted.

7

Dated: April 15, 2022          *Respectfully submitted,*

<div style="margin-left:auto;">

*/s/ William H. Beaumont*
William H. Beaumont (#6323256)
Roberto Luis Costales (#6329085)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
whb@beaumontcostales.com
rlc@beaumontcostales.com

*Attorneys for Plaintiff and
the putative Class*

</div>