IN THE UNITED STATES DISTRICT COURT
FO0R THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO SOLIS, on behalf of himself and other persons similarly situated,<br><br>           Plaintiff,<br><br>  v.<br><br>GSF USA, INC.,<br><br>           Defendant. | Case No.: 1:22-cv-01096<br><br>Honorable Judge Charles P. Kocoras |

### DEFENDANT GSF USA, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

Defendant GSF USA, Inc.("Defendant" or "GSF"), through its undersigned counsel, in further support of its motion to stay all proceedings in this matter pending decisions by the Illinois Supreme Court in *Cothron v. White Castle Sys.*, Case No. 128004 ("*Cothron*"), and *Tims v. Black Horse Carriers, Inc.,* Case No. 127801 ("*Tims*"), states as follows:

### ARGUMENT

In opposing a stay in this matter Plaintiff does not dispute that the *Tims* and *Cothron* decisions have the potential to be dispositive of Plaintiff's claims. Instead, Plaintiff focuses his argument on his speculative belief that the Illinois Supreme Court will affirm the Appellate Court's conclusion in *Tims*. (Doc. 13 at p. 4). Plaintiff goes on to suggest that this Court should ignore the Seventh Circuit's sound judgment in staying further proceedings in *Cothron* pending the Illinois Supreme Court's decision even after conceding that the outcome "might" have an effect on this case, while attempting to minimize the impact that the *Cothron* decision is likely to have. Notably, Plaintiff failed to address the specific factors that the Court considers in determining whether to grant a stay namely: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-

moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Jones,* No. 19 C 2510, 2021 U.S. Dist. LEXIS 255409, at * 2 (citing *Vaughan v. Biomat USA, Inc.,* 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020)). As set forth in GSF's motion, these factors all support the granting of a stay here.

Plaintiff does not claim that a stay in this matter will prejudice him or put him at a tactical disadvantage. He does not and cannot deny that the rulings in *Tims* and *Cothron*, if not dispositive, will at the very least simplify the issues in this litigation. Finally, Plaintiff does not and cannot deny that a stay in this matter will reduce the burden of litigation on the parties and on this Court by preventing them from expending time and resources briefing issues and potentially conducting discovery into claims which could become moot following the Illinois Supreme Court's forthcoming decisions. Plaintiff has failed to provide any factual basis to dispute that each of the relevant factors justifies a stay in this matter and has thus conceded that a stay is appropriate.

Notwithstanding Plaintiff's failure to address the relevant factors for consideration on a motion to stay, his Response improperly focuses on the likelihood of whether the appellant's appeal to the Illinois Supreme Court in *Tims* is likely to succeed. (Doc. 13 at p. 5). Contrary to Plaintiff's suggestion, Defendants do not profess to be able to predict how the Illinois Supreme Court will decide *Tims* or *Cothron*. Indeed neither the parties nor this Court can be certain as to what the outcomes of those cases will be. The uncertainty of the outcome of the *Tims* and *Cothron* cases underscore the need for a stay in this case so that there can be clarity as to how this case should proceed, if at all.

Plaintiff argues that the "persuasiveness of *Tims* and the considerable precedent that preceded it" somehow supports the denial of a stay here, to the contrary, and as this Court has

explained "if the Illinois Appellate Courts' conclusion were truly so firm, what need would there be for the Illinois Supreme Court to take up the case? And why would at least several Illinois Supreme Court justices feel the need to clarify something that was already pellucidly clear." *Jones v. IAS Logistics DFW, LLC,* No. 19 C 2510, 2021 U.S. Dist. LEXIS 255409, at *3 (N.D. Ill. Apr. 27, 2021). As this Court noted in *Jones*, "the Illinois Supreme Court's decision to take up the case[s] provides a 'compelling reason' to doubt that the Illinois Appellate Court 'stated the law correctly.'" *Id*.

Plaintiff acknowledges that the *Cothron* decision will have an impact on this case and goes so far as to offer to amend the definition of the purported class or to adjust the scope of discovery, and thereby again concedes *Cothron's* likely impact. (Doc. 13 at pp. 6-7). Despite Plaintiff's attempts to downplay the importance of the *Cothron* decision, the outcome of *Cothron*, especially when considered in conjunction with *Tims*, could prove dispositive of Plaintiff's claims. At the very least, the *Tims* and *Cothron* decisions will have a significant impact on the scope of discovery and the size of any putative class.

In opposition to the request for a stay, Plaintiff cites to four recent orders from other district court judges, which are not binding on this Court, but seemingly asks this Court to disregard the Seventh Circuit's decision to stay the proceedings in *Cothron v. White Castle Sys.*, No. 20-3202, 2021 U.S. App. LEXIS 37593, at *22 (7th Cir. Dec. 20, 2021). As noted in Defendant's motion, multiple courts, including the Seventh Circuit and the Illinois Appellate Court for the Second and Third Judicial Districts, have concluded that it is appropriate to stay BIPA cases pending the outcome of *Tims* and *Cothron*. (Doc. 11 at pp. 9-10). The same conclusion should be reached in this case.

Despite the clear efficiencies to be gained from a stay, Plaintiff opposes Defendant's motion based solely on his speculation as to the outcome of *Tims* and his misapprehension of the impact that the decision in *Cothron* will have. However, Plaintiff cannot dispute that *Tims* and *Cothron* are directly relevant and potentially dispositive of his claims. In fact, the Illinois Supreme Court's analysis of the accrual and statute of limitations issues in *Cothron* and *Tims* have the potential to either fully dispose of or significantly reduce the claims at issue.

A stay at this stage, and before the parties undertake briefing on a motion to dismiss and potentially engage in significant discovery will save the parties from litigating claims that may well be time-barred. As other courts have aptly noted, "[i]t makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming." *Vaughan v. Biomat USA, Inc.,* No. 1:20-cv-04241, 2020 U.S. Dist. LEXIS 19722, at *4 (N.D. Ill. Oct. 23, 2020) (staying case alleging violations of the BIPA).

Any minor temporal delay does not prejudice Plaintiff, but instead allows the parties and this Court to benefit from the clarification of issues that are critical to the disposition of this case. Defendant seeks a stay only until the parties and the Court have an opportunity to hear from the Illinois Supreme Court on two of the central, potentially dispositive issues in this case. Moreover, briefing in both *Cothron* and *Tims* is well underway. In fact, the *Cothron* appeal was just set for oral argument on May 17, 2022.[1] If this matter is not stayed Defendant (and Plaintiff) will be forced to incur significant costs conducting discovery and engaging in motion practice that could ultimately prove entirely unnecessary. Plaintiff attempts to downplay the substantial prejudice to Defendant should it be forced to proceed in litigating this matter while *Tims* and *Cothron* are still

---

[1] *See* https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/f7063edf-218f-4687-be85-ad3039ea974b/May%202022.pdf (last accessed April 21, 2022).

pending, but provides no argument as to how he will be prejudiced by a brief stay in this matter while threshold and potentially dispositive issues are being decided by the Illinois Supreme Court.

Accordingly, this Court should exercise its discretion and stay this matter pending further guidance from the Illinois Supreme Court on the threshold issues presented in *Tims* and *Cothron* so that this matter may proceed in the most efficient way possible.

WHEREFORE, Defendant, GSF USA, Inc. respectfully requests that the Court stay this matter in its entirety pending the Illinois Supreme Court's decisions in *Cothron v. White Castle Sys.* and *Tims v. Black Horse Carriers, Inc.* In the alternative, Defendant requests a 30-day enlargement of time in which to file its responsive pleading, and any additional relief deemed just and appropriate.

Dated: April 22, 2022　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT GSF USA, INC.

　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Jody Kahn Mason*
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Jody Kahn Mason
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Quinn.Donnelly@jacksonlewis.com

**CERTIFICATE OF SERVICE**

    I, Jody Kahn Mason, an attorney, certify that on April 22, 2022, I caused a true and correct copy of the attached *DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY PROCEEDINGS* to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

                                          */s/ Jody Kahn Mason*