## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HUGO SOLIS, on behalf of himself and other persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 22 C 1096 |
| GSF USA, INC., | ) ) | Judge Charles P. Kocoras |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant's Motion to Stay Proceedings as to Plaintiff Hugo Solis and the putative class in anticipation of the Illinois Supreme Court's decisions in *Cothron v. White Castle System, Inc.* and *Tims v. Black Horse Carriers, Inc.* For the following reasons, the Court grants Defendant's Motion.

## STATEMENT

This is a Biometric Information Privacy Act ("BIPA") case where Plaintiff alleges that Defendant improperly collected his biometric information. As the Court has been fond of reiterating lately, BIPA is an ever-changing legal landscape. Given that, Defendant moves to stay this case in the hope that intervening court decisions will provide the legal clarity necessary to promptly and fairly resolve this case.

Defendant argues the Illinois Supreme Court's decisions *Cothron* and *Tims* have the potential to impact the viability of this lawsuit because a finding that a one-year

1

statute of limitations applies to claims under BIPA would bar Plaintiff's claims entirely. And, a finding that claims under BIPA accrue just once at the time of the first use of an alleged biometric time clock would impact the size of any putative class, the scope of discovery, and potential liability in this matter.

The Court has "inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.)). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *1 (N.D. Ill. 2020). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Applying these principles, Defendant has at least met its burden of demonstrating that a stay is warranted pending the Illinois Supreme Court's decisions in *Cothron* and *Tims*. Last September, the Illinois First District Appellate Court issued its decision in *Tims* and held that violations of Sections 15(c) and (d) of BIPA are subject to a one-year statute of limitations and violations of Sections 15(a), (b), and (e) are subject to a five-year statute of limitations. *See* 2021 IL App (1st) 200563. But the Illinois Supreme Court has allowed an appeal of that ruling, permitting the conclusion that the Illinois Supreme Court's decision to take up the case provides a "compelling reason" to doubt

that the Illinois Appellate Court "stated the law correctly." *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001).

The Illinois Appellate decision of course finds wide-ranging support in numerous other judicial decisions. But, as we have previously posited, "if the Illinois Appellate Court's conclusion were truly so firm, what need would there be for the Illinois Supreme Court to take up the case? And why would at least several Illinois Supreme Court justices feel a need to clarify something that was already pellucidly clear? Ultimately, the Illinois Supreme Court must be hinting at something." *Jones v. IAS Logistics DFW, LLC*, No. 19 C 2510, Dkt. 74 (N.D. Ill. 2021).

Similarly, the Seventh Circuit in *Cothron* recognized that the question of when a BIPA claim accrues is one about which there is "genuine[] uncertain[ty]" and "implicates fundamental Illinois accrual principles on which only the state's highest court can provide guidance." 20 F.4th 1156, 1166 (7th Cir. 2021). We find it significant that the Seventh Circuit stayed further proceedings in *Cothron* pending the Illinois Supreme Court's guidance on the matter and follow its lead in this case.

Admittedly, this decision is a close call and the Court recognizes other courts in this District have declined to stay similar cases pending the outcomes in *Tims* and *Cothron*. And of course, the Court cannot predict how the Illinois Supreme Court will rule. But it cannot be denied that the Illinois Supreme Court's decisions in these cases will have a considerable impact on a very rapidly evolving area of law, as well as on how this case proceeds. Staying this matter will meaningfully streamline the issues and

3

reduce the burden on the parties and the Court, and will not unduly prejudice or tactically disadvantage Plaintiff.  The Court therefore exercises its judicial experience and common sense to stay this case pending the Illinois Supreme Court's resolution of *Tims* and *Cothron*.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court grants Defendants' Motion to Stay [11]. The parties are directed to notify the Court within seven days of the Illinois Supreme Court's decisions in *Tims* and *Cothron*.  It is so ordered.

Dated: May 17, 2022

Charles P. Kocoras
United States District Judge